IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

DERRICK LAKEITH BIBB        )
                            )
    Movant,                 )
                            )
vs.                         )     Case No. 2:02CR00083-002
                            )     2:05cv 884 -T
UNITED STATES OF AMERICA,   )
                            )
    Respondent.             )
                            )     MEMORANDUM OF LAW IN SUPPORT
_____)     OF MOTION UNDER 28 U.S.C. §2255

    As a matter of introduction, Movant respectfully submits that the events which have transpired in the instant case constitute a denial of his Due Process Rights pursuant to the Fifth Amendment to the United States Constitution and, his Six Amendment Rights to the effective assistance of counsel as guaranteed under the Constitution. In short, Movant submits that his present federal sentence should be vacated and set-aside due to the denial of the affective assistance of counsel at sentencing and on appeal. The constructive denial of counsel in this case has resulted in a sentence of which Mr. Bibb is otherwise legally ineligible.

    Alternatively, Movant submits that his counsel's failures denied him the right to a meaningful sentencing and appeal and would require that this Court reinstate those rights to avoid a Miscarriage of Justice in this case. Further, such failings by counsel were not merely procedural but substantially infringed upon Movant's constitutional rights and denied Due Process of Law in this case. Mr. Bibb asks this Court to correct these substantial errors.

1

BACKGROUND
---

On June 27, 2002 a two count indictment was filed in the District Court for the Middle District of Alabama, charging that Movant, Derrick Lakeith Bibb, did conspire to distribute marijuana and laundering money. The indictment was dismissed on August 27, 2002 and a six xount superseding indictment was filed on August 15, 2002 charging Mr. Bibb with violations of the Controlled Substance Act, Gun Control Act and Money Laundering.

On July 11, 2003, Movant, Derrick Lakeith Bibb, proceeded to trial by jury. The petit jury found Movant guilty as to Counts 1, 2 and 4 of the supersending indictment and not guilty as to Counts 5 and 6. Mr. Bibb was ordered detained pending sentencing in this matter. A timely notice of appeal was filed.

On September 24, 2004, the Eleventh Circuit Court of Appeals entered an unpublished per curiam affirmed decision in Movant's case. A timely Motion for Rehearing was filed on October 14, 2004.

Mr. Bibb requested that counsel file a Petition for Writ of Certiorari in the United States Supreme Court and received a letter of acknowledgment and instruction from counsel was received on November 10, 2004 and advising that the Motrion for Rehearing was denied on October 26, 2004 and, that the Petition for Writ of Certiorari was due 90 days from the date of entry of judgment (the mandate date). Counsel also advised that upon reappointment she would file such a Petition.

On February 2, 2005, the Office of the Clerk for the United States Supreme Court did submit a letter advising counsel that the Petition for Writ of Certiorari submitted by counsel on

January 31, 2005 was in fact due on January 24, 2005; therefore the petition was filed with a notation as to it's untimeliness. The Petition was ultimately denied by the Court. This timely Motion filed pursuant to 28 U.S.C. §2255 follows.

## ISSUES UNDER CONSIDERATION

### 1

WHETHER COUNSEL WAS INEFFECTIVE FOR FAILING TO NOTE, OBJECT OR APPEAL THE DISTRICT COURT'S MISAPPLICATION OF THE CORRECT SENTENCING GUIDELINES BY USE OF THE UNITED STATES SENTENCING GUIDELINES IN EFFECT AT SENTENCING (2003) AS OPPOSED TO THOSE APPLICABLE TO THE DATE THAT THE OFFENSE OCCURED (1999), WHERE SUCH APPLICATION TRIGGERED EX POST FACTO VIOLATION IN THIS CASE?

Movant submits that his trial and appellate counsel were ineffective in having failed to note, object or appeal the misapplication of the applicable sentencing guidelines at sentencing in this case. Mr. Bibb was prejudiced where he received a sentence of which was inappropriately applied and, where he was legally eligible for a much lower sentence of which the district court was not able to consider given the failure to apply the correct sentencing guidelines in this case.

Count 1 of the superseding indictment in this case charges that from an unknown date but commencing as early as in or about the month of October, 1999, and continuing thereafter up to the filing of the indictment, Derrick Lakeith Bibb and others did conspire, combine and agree to distribute and possess with intent to distribute 100 kilograms or more of marijuana in violation of Title 21 United States Code, Section 841(a)(1) and 846.

For all intents and purposes relevant to this case the offense conduct relevant to the present case commenced on or about October, 1999.

United States Sentencing Guidelines Section 1B1.11 provides that the court is to use the guidelines manual in effect on the the date that the defendant is sentenced, unless the court has determined that this could violate the ex post facto clause of the United States Constiuttion, in which case it is to use the manual in effect on the date that the offense of conviction was committed. See U.S.S.G. §1B1.11; United States v. Frank, 354 F.3d 910 (8th Cir. 2003). In the present case, Movant submits that such an ex post facto violation exists and the district court thereby erred by applying the (2002) sentencing guidelines in this case where they impose a harsher punishment. "Because an amendment to a Sentencing Guideline has the potential to increase a defendant's punishment for a crime committed prior to the amendment, 'the ex post facto clause is violated if a defendant is sentenced under the Guidelines in effect at the time of sentencing when those Guidelines produce a sentence harsher than one permitted under the Guidelines in effect at the time the crime is committed." Frank, 354 F.3d at 926. To be ex post fact, law first must be retrospective, that is, it must apply to events occuring before it's enactment; and, second must disadvantage the offender it affects. See United States v. Suarez, 911 F.2d 1016, 1021-22 (5th Cir. 1990). The ex post facto provision is also absolute. See Roe v. Office of Adult Probation, 938 F.Supp. 1080 (D.Conn. 1996).

The 2002 edition of the Guidelines Manual, effective April 30, 2003, was utilized in this case. See (Presentence Report at page 8 ¶25). By adopting this finding by the probation officer, absent objection from counsel, the district court violated the ex post facto clause in this case. See (Sentencing Transcript at page 23).

Under the 2002 sentencing guidelines U.S.S.G. §2S1.1(b)(2)(B) mandates a 2-level increase "if the defendant was convicted under 18 U.S.C. §1956." See United States v. Frank, 354 F.3d 910, 928 (8th Cir. 2003). Mr. Bibb was convicted under this statute and the probation officer recommended application of the mandatory 2-level increase in the Presentence Report. See (Presentence Report at page 9 ¶28). Counsel did not object to this increase in the offense level at sentencing or on appeal. The Presentence Report also noted that Mr. Bibb "personally wired a total of $82,700 through Western Union." (Presentence Report at page 7 ¶18).

Pursuant to U.S.S.G. §1B1.3 of the United States Sentencing Guidelines, a defendant may not be held accountable for actions of alleged co-defendants simply because both utilize a common supplier or distributor. U.S.S.G. §1B1.3; United States v. Pagan, 196 F.3d 884 (7th Cir. 1999); United States v. Gomez, 164 F.3d 1354 (11th Cir. 1999). In such case the government must show that the alleged conduct engaged by the defendant was in furtherance of the defendant's own criminal designs. In other words, the sentencing court must look at the scope of the conspiracy in which the defendant in which the defendant actually joined, which may not be co-extensive with the overreaching criminal enterprise. See United States v. Hildebrand, 152 F.3d 756, 763 (8th Cir. 1998).

In the present case counsel failed to note or object to this error and thus allowed the sentencing court to adopt the erroneous findings rendered by the Presentence Report. Thus, Mr. Bibb was exposed to a sentencing range of 97-121 months, considerations much steeper than those which should have been considered by the district court in this case.

Under the 1999 Guideline Manual (applicable to the date of offense commission in this case), Section 2S1.1(b)(2) of the guidelines provides a scale of offense-level increases to the base offense level depending upon the amount of money laundered. See U.S.S.G. Manual Section (b)(2)(A)-(N) (1999). The court determined that Mr. Bibb was warranted a two-level increase pursuant to U.S.S.G. §2S1.1(b)(2)(B)(2002), adopting the findings in the PSR. The district court thus used an offense level of 30 which corresponded with an increase under §2S1.1(b)(2)(B). Under the 1999 Guideline Manual §2S1.1(b)(2)(B) would require that Mr. Bibb had laundered an amount of $100,000 or more to trigger only a 1 point increase in the offense level. Given the fact that the Presentence Report identifies Movant's relevant conduct as having laundered only an amount of $82,700 , pursuant to the 1999 Guideline Manual "NO INCREASE" was warranted pursuant to U.S.S.G. §2S1.1(b)(2)(A). Therefore, the offense level in this case would result in an level 28 and trigger a sentencing range of 78-97 months. Mr. Bibb would thereby only be legally eligible for a sentence in this range and given that the district court imposed a sentence at the lower end of the sentencing range, there is no evidence to dispute that the outcome of the proceedings may have been

6

different in this case had the district court applied the correct application of the Sentencing Guidelines in this case.

Mr. Bibb must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that his counsel's deficient performance prejudiced him by demonstration that the outcome of the proceedings may have been different or that the outcome undermines integrity in the decision rendered. See Strickland v. Washington, 466 U.S. 668 (1984). This circuit has determined that counsel's failure to discover and present mitigating evidence at the sentencing hearing required Evidentiary Review. See Glock v. Singletary, 84 F.3d 385 (11th Cir. 1996). It has also been determined that counsel failing to raise an identifiable sentencing issue denies the defendant effective assistance. See United States v. Mannino, 212 F.3d 835 (3rd Cir. 2000).

Given the caselaw surrounding the obvious and identifiable ex post facto violation by the district court by use of the Guideline Manual in effect at the time of the Movant's sentencing date of October 15, 2003 (2002 Guideline Manual), as opposed to usage of the (1999 Guideline Manual) which did not expose Mr. Bibb to a mandatory 2-level increase pursuant to U.S.S.G. §2S1.1(b)(2)(B) "if the defendant was convicted under 18 U.S.C. §1956," See United States v. Frank, 354 F.3d at 928, the ex post facto violation in this case is both obvious and prejudicial. Thereby counsel failure to note, object or appeal this significant issue was ineffective assistance which prejudiced Mr. Bibb to exposure of a sentencing range of 97-121 months in lieu of the appropriate range 78-97 months.

The United States Supreme Court has determined that "The Supreme Court's jurisprudence suggests that any amount of actual jail time has <u>Sixth Amendment</u> significance." <u>Glover v. United States</u>, No. 99-8576 (January 9, 2001)(citing) <u>Argersinger v. Hamlin</u>, 407 U.S. 25.  In the present case there is an exposure of 19 months increase from consideration at sentencing guideline ranges of 97-121 months as opposed to the correct range of 78-97 months. The district court may well have imposed the 78 term of imprisonment at the lower end of the guideline as it considered a sentence at the lower end of the guideline range was appropriate for Mr. Bibb in this case.  Therefore, prejudice is demonstrated as there is the reasonable probability that the outcome of the proceedings may have been different but for counsel error.  <u>Strickland</u>, supra.

Wherefore, Movant, Derrick Lakeith Bibb, asks this Court to vacate and set-aside the imposed sentence and remand for resentencing as to the correct (1999 Sentencing Guideline Manual) applicable to this case.  In the alternative, Mr. Bibb requests that an Evidentiary Hearing be conducted to resolve the disputed facts, or in the alternative, this Court should grant any and further relief deemed just, meet and appropriate.

<u>2</u>

WHETHER COUNSEL WAS INEFFECTIVE FOR HAVING FAILED TO FILE A TIMELY PETITION FOR WRIT OF CERTIORARI IN THE UNITED STATES SUPREME COURT AND HAVING GIVEN MOVANT AFFIRMATIVE <u>MISADVICE WHICH DEMONSTRATES COUNSEL'S INCOMPETENCE OF LAW?</u>

Movant submits that his appellate counsel was ineffective for having failed to file a timely Petition for Writ of Certiorari in the United States Supreme Court where there is the probability

that a correctly filed petition would have succeeded and resulted in remand of Movant's case.

Here, appellate counsel, Maryanne M. Prince, submitted a letter to Movant, dated November 10, 2004 and, advising as to the final order on the motion for rehearing filed by counsel in the United States Court of Appeals for the Eleventh Circuit. Attorney Prince also gave Mr. Bibb the following Misadvice:

> "You have 90 days from the date of entry of judgment (the mandate date) to file your petition with the U.S. Supreme Court."

(Exhibit # 1 at paragraph 2).

According to Supreme Court rule 13, "The time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." Id. Supreme Court Rule 13.

Subsequent to the Supreme Court ruling in Booker and FanFan, No. 04-105 (2005), Counsel Prince contacted Mr. Bibb and notified him that she would be proceeding to the Supreme Court in his behalf by filing a timely Petition for Writ of Certiorari. Based upon the misconception that "The Mandate Date" was the date upon which the time would be calculated, counsel filed the Petition for Writ of Certiorari in the Supreme Court on January 31, 2005. A letter from the Office of the Clerk for the United States Supreme Court was submitted and advising counsel that the Petition for Writ of Certiorari submitted by counsel on Janaury 31, 2005 was in fact due on January 24, 2005. (Exhibit # 2). Because counsel failed to file a timely petition for writ of certiorari in the Supreme Court, Mr. Bibb was denied review of a potentially meritorious issue in that court.

The right to effective assistance of counsel may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial. See Murray v. Carrier, 477 U.S. 478, 496 (1986). In the present case Mr. Bibb suffered prejudice by the denial of review of a potentially meritorious claim as a direct result of counsel error and misconception of the law. Had the petition been properly filed there is every reason to believe that Mr. Bibb would have prevailed on the merits of his claim as identical cases have been granted by the Supreme Court.

Under these conditions Mr. Bibb shows both cause and prejudice sufficient to meet the rigorous standards of Strickland v. Washington, 466 U.S. 668 (1984) and his case should be vacated and set-aside and the mandate recalled and re-issued for allowance of filing of a timely Petition for Writ of Certiorari in the United States Supreme Court.

## RELIEF SOUGHT

Wherefore, Based on the foregoing arguments, reasoning and citations to authority, Mr. Bibb asks this Court to vacate and set-aside his conviction and sentence, or alternatively, a new trial, or alternatively, an evidentiary hearing to resolve disputed facts. This Court should grant any and further relief deemed just, meet and proper.

Repsectfully Submitted this 13th day of September, 2005,

_____
DERRICK LAKEITH BIBB
REG# 10613-002
PMB 1000 GAMMA B
TALLADEGA, ALABAMA 35160

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing has been furnished by U.S. Mail, postage pre-paid and sufficient thereon to cause delivery this 13th day of September, 2005 to the following:

Assistant U.S. Attorney
Todd A. Brown
One Court Square
Suite 201
P.O. Box 197
Montgomery, Alabama 36101-0197

                                                         /s/ Derrick Bibb
                                                       DERRICK LAKEITH BIBB