IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Civil Action No. 2:05-cv-884-T |
| v. ) | (CR NO. 2:02-cr-83-MHT) |
| ) | |
| DERRICK BIBB. ) | |

### AFFIDAVIT

STATE OF ALABAMA )
COUNTY OF MONTGOMERY )

I, MARYANNE M. PRINCE, being duly sworn, states as follows:

1. I am a licensed attorney in the state of Alabama, in private practice and I am also CJA panel attorney. This affidavit is in response to Mr. Derrick Bibb's Motion under 28 U.S.C. 2255 filed on September 15, 2005.

2. I was appointed to represent Derrick Bibb in the defense of his criminal case pending in the Middle District of Alabama, CR NO. 2:02-CR-00083-002 on March 7, 2003.

3. Mr. Bibb's case went to trial and he was found guilty on Counts I, II and IV and not guilty on Counts V and VI. Counts V and VI, as I recall were the two counts that accused Mr. Bibb of the use and possession of several weapons during the furtherance of the conspiracy to distribute marijuana.

4. In the petitioner's Motion to Vacate or Correct Sentence By a Person in Federal Custody, the petitioner alleges that "counsel was ineffective for failing to note, object or appeal the district court's misapplication of the guidelines by use of the sentencing guidelines in effect at sentencing as opposed to the date of the offense where ex post fact considerations arise." (Paragraph

A, Ground One)

The Petitioner does not identify any specific objection that I failed to make. I am not certain what Mr. Bibb is alleging here because the sentencing guidelines that were in effect at the time of the commission of the offenses for which he was convicted, to the best of my knowledge did not change and were the same at the time of his conviction and his sentencing. What did change after Mr. Bibb's sentencing, but while his case was on appeal, was the application of the sentencing guidelines. Specifically, in June the *Blakely v. Washington*, 124 S.Ct. 2531 (2004) opinion came out and then in January of 2005 the United States Supreme Court released its opinion in *United States v. Booker*, 125 S.Ct. 738 (2005), which effectively made the federal sentencing guidelines advisory. At the time of Mr. Bibb's sentencing, neither of these cases had been released. Therefore, I did not have this new law at the time of Mr. Bibb's sentencing and as a result I did not make any objection based on these cases. I did not believe at the time of Mr. Bibb's sentencing that *Apprendi* applied to his case. I did object to the two level enhancement for the possession of a firearm, even though I also had to recognize that the law at the time was that this two level enhancement could be applied according to the sentencing guidelines in effect at Mr. Bibb's sentencing.

The *Blakely* and *Booker* cases though were anticipated and consequently, as petitioner notes in his motion, I did timely file a supplemental to his appeal that was pending with the 11th Circuit asking the court to reconsider his sentencing based on this new law. The 11th Circuit rejected my motion to supplement and upheld his sentence. I also timely filed a motion to reconsider, and again the 11th Circuit rejected the motion to reconsider.

5. The petitioner's second claim B alleges "counsel was ineffective in failing to file a timely petition for writ of certiorari in the Supreme Court after having givenmotion affirmation

misadvice as to the correct filing date."

In this claim, after reviewing the correspondence from the Clerk of the U.S. Supreme Court it is evident that I miscounted the time for filing for Writ of Certioria with the U.S. Supreme Court. I had not intended to file a writ of certiorari, but Mr. Bibb asked me to file in light of the *Blakely*, case. The one thing I wanted to do for Mr. Bibb was insure that his case was still on appeal so that he would benefit from any future rulings from the U.S. Supreme Court. I was hoping that the U.S. Supreme Court would issue a favorable ruling before Mr. Bibb's time for filing his petition had expired. I had never filed a writ of certiorari with the U.S. Supreme Court after reading the rules and discussing when to file with other attorney's, and taking into consideration that a ruling in the *Booker/FanFan* cases was anticipated, I calculated what I believed was the very last date I could file and I calculated the date incorrectly. I sincerely thought that I was filing within the time allowed and that Mr. Bibb's case would be considered.

Further Affiant saith not, this 12th day of October, 2005.

/s/ Maryanne M. Prince
MARYANNE M. PRINCE
ASB-6515-E39M

STATE OF ALABAMA           )
MONTGOMERY COUNTY          )

I, the undersigned authority, a Notary Public in and for said State of Alabama at Large, do hereby certify that **MARYANNE M. PRINCE**, whose name is signed to the foregoing Affidavit, and who is known to me, acknowledged before me, on this day, that being informed of the contents of said instrument, she executed the same voluntarily, on the day the same bears date.

GIVEN under my hand and official seal this 12th day of October, 2005.

/s/ Amanda D. Turner
Notary Public
My Commission Expires: 10-31-2006

(SEAL)

## CERTIFICATE OF SERVICE

I hereby certify that I have this 12th day of October, 2005, served a copy of the foregoing upon the following, by Electronic Filing and also placing a copy of the same in the U.S. mail, postage prepaid and properly addressed to:

    Todd Brown, Esq.
    Assistant U.S. Attorney
    One Court Square, Suite 201
    Montgomery, Alabama 36104

    Derrick LaKeith Bibb
    REG 10613-002
    PMB 1000 GAMMA B
    Talledega, AL 35160

                                  MARYANNE M. PRINCE

Address of Counsel:

631 S. Perry St.
Montgomery, AL 36104
334-262-1006
maprince@knology.net