**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **DERRICK LAKEITH BIBB** ) | |
| ) | |
| Defendant/Movant, ) | |
| ) | |
| vs. ) | **CASE NO. 2:05-CV-0884-T** |
| ) | **(Cr. No. 2:02-CR-0083-N)** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**UNITED STATES' RESPONSE TO § 2255 MOTION**

COMES NOW the United States of America, by and through its attorney, Leura Garrett Canary, United States Attorney, and, in compliance with this Court's order, responds to Defendant/Movant Derrick LaKeith Bibb's ("Bibb's") Motion Under § 2255 to Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody, as follows:

**I. PROCEDURAL HISTORY AND RELEVANT FACTS**

On June 27, 2002, a grand jury for the Middle District of Alabama returned an indictment against Bibb charging him with conspiracy to distribute 1000 kilograms or more of marijuana and conspiracy to launder monetary instruments. On August 15, 2002, a federal grand jury returned a superseding indictment in this case charging Bibb with marijuana possession with intent to distribute and with possessing two firearms in furtherance of the substantive drug offense.

Bibb entered a not guilty plea on August 29, 2002, and entered into plea negotiations which did not result in an agreement. After trial by jury, on July 15, 2003, Bibb was convicted of Counts 1, 2, and 4 (the drug charges) and acquitted on Counts 5 and 6 (the firearms charges). The District Court found Bibb's sentencing guidelines offense level as 30, with a criminal history category of I, resulting in a range of 97 to 121 months, and ultimately sentenced Bibb to 97 months on Counts 1

and 2, and 60 months on Count 4, all to run concurrently. The Court also imposed special assessment fees and a term of supervised release. The final judgment was entered on October 22, 2003.

Bibb filed timely notice of appeal on October 23, 2003. The Eleventh Circuit affirmed Bibb's sentence and Appeal on September 24, 2004. Bibb petitioned for Rehearing on October 14, 2004. The Eleventh Circuit denied the Petition for Rehearing on October 26, 2004, and issued the mandate on November 3, 2004.

On January 31, 2005, Bibb filed a Petition for Writ of Certiorari with the United States Supreme Court. Exhibit 1, at 2. On February 2, 2005, the Court docketed Bibb's Petition noting that it was untimely. Defendant's Exhibit 2, at 2. Despite its untimeliness, on February 17, 2005, the Court distributed Bibb's Petition for Conference of March 4, 2005. Exhibit 1, at 2. On March 7, 2005, the Court denied the Petition. Id.

Bibb timely filed this Motion to Vacate, Set Aside or Correct Sentence on September 13, 2005. On September 20, 2005, this Court entered an order directing the United States to respond within thirty days.

## II. CLAIMS RAISED IN THE § 2255 MOTION

In his § 2255 motion, Bibb raises the following:

A. Ground One. In essence, Bibb claims his counsel was ineffective for failing to raise Booker issues at trial, at sentencing, and on appeal.

B. Ground Two. Bibb claims that, because his counsel provided him with an incorrect deadline by which any Certiorari Petition should be filed, and because he filed an untimely Petition based on that advice, his counsel was ineffective.

2

*Def. Mot.* at 4.

### III.  RESPONSE TO CLAIM FOR RELIEF

**A.    Bibb's Claim That Counsel was Ineffective for Failing to Raise *Booker* Issue at Trial or Sentencing is Without Merit Because the Existing Circuit Caselaw was Contrary to *Booker*.**

Bibb claims that his attorney failed to object to whether his sentence was unconstitutionally enhanced pursuant to United States v. Booker, ___ U.S. ___, 125 S.Ct. 738 (2005).  To succeed on a claim of ineffective assistance of counsel, a defendant must prove both that his counsel's performance was deficient and that the deficient performance prejudiced his case.  Strickland v. Washington, 466 U.S. 668, 694 (1984); see also, Bell v. Cone, 535 U.S. 685, 697-98 (2002) (reaffirming the Strickland standard for reviewing ineffective assistance of counsel claims); Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (applying two-part test of Strickland).  More specifically, Bibb must show that (1) identified acts or omissions of counsel fell below an objective standard of reasonableness, and (2) that his counsel's alleged errors or omissions resulted in prejudice to him to such an extent that, without counsel's alleged errors or omissions, there is a reasonable probability that the outcome of his trial would have been different.  Yordan v. Dugger, 909 F.2d 474, 477 (11th Cir. 1990).

In analyzing counsel's performance under the performance prong of Strickland, this Court must presume that the conduct of counsel was reasonable, Yordan, 909 F.2d at 477.  A "[d]efendant must prove deficient performance by a preponderance of competent evidence, and the standard is 'reasonableness under prevailing professional norms.'" Gallo-Chamorro v. United States, 233 F.3d 1298, 1303-04 (11th Cir. 2000) (footnotes omitted).  A defendant's burden with regard to the

3

deficient performance prong of an ineffective assistance of counsel claim is as follows:

> Because there is such a wide range of constitutionally acceptable performance, a petitioner seeking to rebut the presumption of adequate performance must bear a heavy burden:
>
> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. ... We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.
>
> . . . Thus, in order to show that counsel's performance was unreasonable, the petitioner must establish that no competent counsel would have taken the action that his counsel did take....

Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001) (internal citations omitted).

A defendant's burden in demonstrating that his counsel's deficient performance prejudiced his case is "high;" it is not enough to show that any errors had some conceivable effect on the outcome of the proceeding. Robinson v. Moore, 300 F.3d 1320, 1343-44 (11th Cir. 2002). To succeed on the ineffective assistance of counsel claim, the defendant must show that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different.

"It is well established that a habeas petitioner must demonstrate both deficient performance and prejudice, and that a failure to demonstrate either prong constitutes a failure to demonstrate ineffective assistance of counsel." Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000); accord, Robinson, 300 F.3d at 1343. In raising ineffective assistance of counsel, Bibb has failed to plead facts sufficient to demonstrate that he was prejudiced by any of counsel's actions. For that reason, his § 2255 motion should be summarily dismissed.

In response to Bibb's specific claim that his counsel failed to object to his sentence pursuant

to Booker, counsel cannot be deemed ineffective where the claim asserted would be unsuccessful. See United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000). Booker was decided roughly fifteen months after the sentencing in this case. In Fuller v. United States, 398 F.3d 644, 650 n.4 (7th Cir. 2005), the United States Court of Appeals for the Seventh Circuit found that claims of ineffective assistance based on new rules of constitutional law, such as those announced in Booker or Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), were untenable, as the rulings could not have been anticipated. Further, as late as September 2, 2004, the law of this Circuit continued to hold that, contrary to the Supreme Court's subsequent holding in Booker, the Sentencing Guidelines, as they had previously been applied, were constitutional and did not violate the principles set forth in Blakely v. Washington, 542 U.S. 296 (2004). United States v. Reese, 382 F.3d 1308 (11th Cir. 2004). Bibb cannot prevail on an ineffective assistance of counsel claim where, as here, the grounds for ineffectiveness simply did not exist at the time of his sentencing, and where the precedent in this Circuit at the time of Bibb's trial and sentencing was contrary to the Supreme Court's holding later in Booker. Bibb's claim of ineffective assistance is not supported by the record and must be dismissed.

**B.   Bibb's Claim That Counsel was Ineffective for Failing to Raise *Booker* Issue on Appeal is Without Merit Because his Counsel Raised this Issue in the Petition for Rehearing.**

Bibb's claim that his counsel was ineffective for failing to raise a Booker claim on appeal is disingenuous and completely without merit as his attorney raised this issue at the first possible point, in his Petition for Rehearing as a Blakely-type claim.

### C. Bibb's Claim that Counsel was Inneffective for Missing a Filing Deadline is Without Merit

The gist of Bibb's claim is that because his counsel told him the filing deadline for a Petition for Writ of Certiorari was January 31, 2005, as opposed to the correct date, January 24, 2005, she was ineffective. This claim is without merit. It is without dispute that the Petition was untimely filed. See Defendant's Exhibit 2. However, despite the Petition's untimeliness, the United States Supreme Court distributed the Petition for a March 4, 2004, conference, considered it, and subsequently denied it. Exhibit 1, at 2. Because the Petition was considered, and was denied, counsel's failure to comply with the filing deadline could not have fallen below an objective standard of reasonableness, because the Petition was, in fact, considered. Likewise, failure to meet the deadline did not result in prejudice to him to such an extent that there is a reasonable probability that the outcome would have been different, because, again, the Court overlooked the failure to meet the deadline, and considered the Petition. Yordan, 909 F.2d at 477.

### IV. A HEARING IS NOT NECESSARY IN THIS MATTER

Bibb has not pleaded facts or presented sufficient evidence or argument which, if true, show that he is entitled to an evidentiary hearing, and his claims for relief should be denied without an evidentiary hearing. See Blacklidge v. Allison, 431 U.S. 63, 73-74 (1977); Tejada v. Dugger, 941 U.S. 1551, 1559 (11th Cir. 1991); United States v. Laetividal-Gonzalez, 939 F. 2d 1455, 1465 (11th Cir. 1991). Should this Court determine that Bibb has made any arguments not addressed in this response, the United States would request the opportunity to further respond to those arguments.

### V. CONCLUSION

For the above reasons, Bibb has failed to demonstrate that he is entitled to any relief from

this Court, thus, the United States respectfully requests his § 2255 motion be denied without an evidentiary hearing.

Respectfully submitted this 19th day of October, 2005.

/s/ Todd A. Brown
TODD A. BROWN
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
todd.brown@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DERRICK LAKEITH BIBB** )<br> )<br>  Defendant/Movant, )<br> )<br> vs. )<br> )<br>**UNITED STATES OF AMERICA,** )<br> )<br>  Respondent. ) | CASE NO. 2:05-CV-0884-T<br>(Cr. No. 2:02-CR-0083-N) |

### CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, providing notice to Maryanne M. Prince, Esq., counsel for Bibb; and I hereby certify that I have mailed by United States Postal Service the documents to the following non-CM/ECF participant:

Derrick LaKeith Bibb, #10613-002
FCI Talladega
P. O. Box 7007
Talladega, AL 35160

        Respectfully submitted,

        LEURA GARRETT CANARY
        UNITED STATES ATTORNEY

        /s/ Todd A. Brown
        TODD A. BROWN
        Assistant United States Attorney
        Post Office Box 197
        Montgomery, Alabama 36101-0197
        (334) 223-7280
        (334) 223-7135 fax
        todd.brown@usdoj.gov