IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05cv884-T |
| | ) | |
| DERRICK LAKEITH BIBB | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. 9) addressing the claims presented by the movant, Derrick Lakeith Bibb, in his 28 U.S.C. § 2255 motion. In its response, the government argues, *inter alia*, that the claims of ineffective assistance of counsel presented by Bibb rest on allegations that fail to establish either deficient performance or prejudice within the meaning of *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, the government argues that there is no merit to Bibb's claim that his counsel was ineffective for failing to raise a claim under *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), at trial and sentencing, because *Booker* had not yet been decided at the time of sentencing and the precedent in this Circuit at the time of sentencing was contrary to the Supreme Court's later holding in *Booker*. The government further argues that there is no merit to Bibb's claim that his counsel was ineffective for failing to raise a claim under *Booker* on appeal, because counsel presented a claim based on *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004), in a petition for rehearing on appeal – the first available opportunity to raise a *Blakely/Booker* claim. In addition, the government argues that there is no merit to Bibb's claim that his counsel on appeal was

ineffective for advising him incorrectly as to the deadline for filing a petition for writ of certiorari in the Supreme Court, because the Supreme Court did, in fact, consider the petition for certiorari that was filed by Bibb.

Accordingly, it is

ORDERED that on or before November 4, 2005, Bibb may file a reply to the response filed by the United States. Any documents or evidence filed after this date will not be considered by the court except upon a showing of exceptional circumstances. At any time after November 4, 2005, the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the motion as justice dictates." Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

Bibb is instructed that when responding to the assertions contained in the government's response, he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts that demonstrate that Bibb is entitled to relief on the grounds presented in his § 2255 motion. If documents that have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When Bibb attacks the government's response by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2255 Proceedings in the United States District Courts*. Bibb is

advised that upon expiration of the time for filing a response to this order, the court will proceed to consider the merits of the pending § 2255 motion pursuant to Rule 8(a).

Done this 20th day of October, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE