IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DERRICK LAKEITH BIBB, )
)
Movant, )
)
vs. )   Case No. 2:05cv884-T
)
UNITED STATES OF AMERICA, )
)
Respondent. )
)   MOVANT'S TRAVERSE TO GOVERNMENT
)   RESPONSE IN OPPOSITION TO §2255

Comes Now, Movant, Derrick Lakeith Bibb, and enters his traverse to the government's response in opposition to his motion filed pursuant to 28 U.S.C. §2255. Mr. Bibb submits that the government's deliberately attempts to miscontrue the nature of his arguments in an effort to curtail justice in this case. Movant submits that he suffered ineffective assistance of counsel and that the record supports his arguments that an Ex Post Facto violation occured in this case by the district court's use of the wrong Sentencing Guideline Manual. Mr. Bibb submits that because there are genuine issues of material fact which are in dispute by the parties an Evidentiary Hearing is appropriate in this case.

1.

THE DISTRICT COURT UTILIZED THE WRONG SENTENCING GUIDELINE MANUAL TO CONSTRUCT THE IMPOSED SENTENCE BECAUSE THE 2002 GUIDELINE MANUAL IMPOSED AN ADDITIONAL LIABILITY UPON MR. BIBB AT SENTENCING THAN WAS IN EFFECT AT THE TIME THAT THE OFFENSE IN THIS CASE WAS COMMITTED. (1999).

Initially, Mr. Bibb submits that the government's response attempt to circumvent the real issue in this case. Mr. Bibb

1

DOES NOT ARGUE THAT THE STATUTORY MAXIMUM IN THIS CASE WAS BREACHED IN ANY WAY, FORM OR FASHION. Consequently, this case does not present an argument under U.S. v. Booker, 125 S.Ct. 738 (2005).

Mr. Bibb argues "ONLY", that the district court utilized the wrong guideline manual to impose sentence in this case. Here, the district court used the 2002 Sentencing Guideline Manual, the Guideline Manual in effect at sentencing, to impose the sentence in this case. Under the 2002 Guideline Manual Mr. Bibb was exposed to a Mandatory 2 point enhancement pursuant to U.S.S.G. §2S1.1

Mr. Bibb argues in essence that an "Ex Post Facto" violation has occured in this case where his offense commenced on or about October, 1999, as stated in the indictment relevant to this case. Under the 1999 Sentencing Guideline Manual there was no Mandatory 2 point enhancement. The guidelines were amended in 2002 to include a "Mandatory" 2 point enhancement under U.S.S.G. §2S1.1.

Mr. Bibb has attached a copy of the caselaw which is exactly on point with his argument and which demonstrates the improper usage of the 2002 guideline manual by the district court in this case. See (Exhibit #1, U.S. v. Frank, 354 F.3d. 910 (8th Cir. 2003). In Frank, the defendant's also argued that the district court used the wrong guideline manual because they were exposed to a greater sentence. Unlike the present case the district court did not err because the 2002 guideline imposed a lesser sentence upon the defendant's in Frank. Here, the opposite has

occured and Mr. Bibb has been exposed to a greater sentence and liability because the <u>Amended 2002 Guideline</u> imposed a <u>Mandatory 2 point enhancement.</u>

U.S.S.G. 1B1.11 <u>Use of Guidelines Manual in Effect on Date of Sentencing</u> (policy statement), provides the following:

(a) the court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.

(b)(1) <u>if the court determines that the use of the Guideline Manual in effect on the date the defendan is sentenced would violate the ex post facto clause of the United States Constitution,"the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed.</u>

<u>"U.S.S.G. §1B1.11(b)(1) IS APPLICABLE TO MR. BIBB'S CASE BECAUSE THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION WAS BREACHED BY THIS COURT IMPOSING A MANDATORY 2 POINT ENHANCEMENT UNDER U.S.S.G. §2S1.1 WHICH WAS AMENDED INTO THE GUIDELINES MANUAL IN 2002, AFTER THE DATE OF THE OFFENSE OF CONVICTION BEING COMMITTED IN THIS CASE.</u>

<u>AN EVIDENTIARY HEARING IS APPROPRIATE IN THIS CASE</u>

<u>Th</u>is Circuit holds that the district court may not summarily dismiss a motion filed pursuant to 28 U.S.C. §2255 unless the "motion, files and records show conclusively that the movant is entitled to no relief." See <u>U.S. v. Laetividal-Gonzalez</u>, 939 F.2d 1455 (11th Cir. 1991). 28 U.S.C. §2255.

In the present case the motion, files and records demonstrate that:

(1) The district court used the 2002 Sentencing Guideline Manual and imposed a <u>Mandatory 2 point enhancement pursuant to U.S.S.G §2S1.1.</u>

(2) The Guidelines Manual was amended in 2002 and took effect in 2003 at the time of Mr. Bibb's sentencing hearing.

(3) The indictment in this case concludes that the offense of conviction which occured in this case commenced on or about October, 1999.

(4) Under the 1999 Guidelines Manual there was no <u>Mandatory 2 point enhancement</u> and Mr. Bibb's sentence exposure increased from 78-97 months to 97-121 months by the district court's use of the 2002 Guidelines Manual as opposed to the 1999 Guidelines Manual.

(5) The district court's use of the 2002 Guidelines Manual triggered a violation of the Ex Post Facto Clause of the United States Constitution because Mr. Bibb was exposed to a greater sentence than he would otherwise have been eligible under the date the offense was committed in this case. See U.S.S.G. §1B1.11 (b)(1).

An evidentiary hearing is appropriate in this case because the motion, files and records, support Mr. Bibb's claims and the government has failed to demonstrate that Movant is entitled to no relief.

## RELIEF SOUGHT

Mr. Bibb seeks all relief sought in the initial motion filed pursuant to 28 U.S.C. §2255. This Court should grant an Evidentiary Hearing. Mr. Bibb requests that all relief deemed just, meet and appropriate be granted in this case.

Respectfully Submitted this 31st day of October, 2005,

*Derrick Bibb*
DERRICK LAKEITH BIBB
REG# 10613-002
PMB 1000 BETA B
TALLADEGA, ALABAMA 35160

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing has been furnished by U.S. Mail, postage pre-paid and sufficient thereon to cause delivery this 31st day of October, 2005 to the following:

Todd Brown, AUSA
Office of the U.S. Attorney
Middle District of Alabama
One Court Square, Suite 201
Montgomery, Alabama 36104

Maryanne Melko Prince
Attorney at Law
631 S. Perry Street
Montgomery, Alabama 36104

*Derrick Bibb*
DERRICK LAKEITH BIBB

5