**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **DERRICK LAKEITH BIBB** | ) | |
| **Defendant/Movant,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 2:05-CV-0884-T** |
| | ) | **(Cr. No. 2:02-CR-0083-N)** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | |

**UNITED STATES' SUPPLEMENTAL RESPONSE TO § 2255 MOTION**

COMES NOW the United States of America, by and through its attorney, Leura Garrett Canary, United States Attorney, and, in compliance with this Court's order, files the instant supplemental response to Defendant/Movant Derrick LaKeith Bibb's ("Bibb's") Movant's Traverse to Government Response in Opposition to §2255, as follows:

1.   Bibb timely filed an original Motion to Vacate, Set Aside or Correct Sentence on September 13, 2005.  On October 19, 2005, the United States filed its response to that Motion.  On or about October 31, 2005, Bibb filed the above-described filing in which he makes the claim that his counsel was ineffective because she did not object to the use of the 2002 version of the United States Sentencing Guidelines manual to calculate his sentence rather than the 1999 version, and because she did not appeal that issue.  This response addresses only that issue and the government respectfully requests this Court incorporate the earlier response as it relates to any remaining issue(s).

2.   Bibb complains that his counsel should have objected to or appealed the way his sentence was calculated.  Following his conviction for money laundering (See Exhibit A (Indictment)), the presentence investigation report ("PSI") recommended a guidelines sentence based upon the 2002 Sentencing Guidelines manual. See Exhibit B, at ¶ 25 (PSI).  Bibb maintains that because the changes made to the applicable guideline range, U.S.S.G. § 2S1.1, were to his disadvantage, use of the 2002 manual resulted in a violation of the *ex post facto* clause, which his lawyer should have

challenged.  Bibb's claim is without merit.

3.  The sentencing court should use the guidelines manual in effect on the date a defendant

is sentenced to calculate that defendant's sentence.  18 U.S.C. § 3553(a)(4)(A)(ii) and (a)(5)(B),

U.S.S.G. § 1B.11.  An exception to this rule occurs when the sentencing court determines using the

manual in effect on the date of sentencing would violate the *ex post facto* clause.  U.S.S.G. §

1B.11(b)(1). Bibb complains that the *ex post facto* exception applies to him and that he should have

been sentenced in accordance with the "Manual in effect on the date that the offense of conviction

was committed."  See U.S.S.G. § 1B.11(b)(1).  Bibb's complaint is, again, without merit.

4.  First, "the date that the offense of conviction was committed" continued up to at least the

date on which law enforcement agents searched Bibb's residence on July 23, 2002, where agents

found, among other things, marijuana, $2,500 in cash, and two assault rifles–all evidence supporting

Bibb's conviction.  See Exhibit B, at ¶ 19.  This evidence led to the superseding indictment in this

matter.  As such, the use of the 2002 version of the Sentencing Guidelines manual did not violate

the *ex post facto* clause.

5.  Second, Bibb was convicted of conspiracy to commit money laundering from August,

2000, to August, 2002. See Exhibit A.  Thus, it is the August, 2002, date that controls which version

of the guidelines manual applies.  United States v. Bailey, 123 F.3d 1381, 1406 (11th Cir. 1997),

quoting United States v. Cooper, 35 F.3d 1248, 1251 (8th Cir. 1994) ("[W]ith conspiracy and other

continuing offenses it is the completion date of the offense that controls the version of the

Sentencing Guidelines to be applied.").  As such, the use of the 2002 version of the Sentencing

Guidelines manual was appropriate and did not violate the *ex post facto* clause.

6.  To succeed on a claim of ineffective assistance of counsel, a defendant must prove both

that his counsel's performance was deficient and that the deficient performance prejudiced his case.

Strickland v. Washington, 466 U.S. 668, 694 (1984); see also, Bell v. Cone, 535 U.S. 685, 697-98

(2002) (reaffirming the Strickland standard for reviewing ineffective assistance of counsel claims);

Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (applying two-part test of

Strickland).  More specifically, Bibb must show that (1) identified acts or omissions of counsel fell

below an objective standard of reasonableness, and (2) that his counsel's alleged errors or omissions

resulted in prejudice to him to such an extent that, without counsel's alleged errors or omissions,

there is a reasonable probability that the outcome of his trial would have been different.  Yordan v.

Dugger, 909 F.2d 474, 477 (11th Cir. 1990).

    7.  In analyzing counsel's performance under the performance prong of Strickland, this Court

must presume that the conduct of counsel was reasonable, Yordan, 909 F.2d at 477.  A "[d]efendant

must prove deficient performance by a preponderance of competent evidence, and the standard is

'reasonableness under prevailing professional norms.'" Gallo-Chamorro v. United States, 233 F.3d

1298, 1303-04 (11th Cir. 2000) (footnotes omitted).  A defendant's burden with regard to the

deficient performance prong of an ineffective assistance of counsel claim is as follows:

> Because there is such a wide range of constitutionally acceptable performance, a
> petitioner seeking to rebut the presumption of adequate performance must bear a
> heavy burden:
>
> The test has nothing to do with what the best lawyers would have done. Nor is the
> test even what most good lawyers would have done.  We ask only whether some
> reasonable lawyer at the trial could have acted, in the circumstances, as defense
> counsel acted at trial. ...  We are not interested in grading lawyers' performances; we
> are interested in whether the adversarial process at trial, in fact, worked adequately.
>
> . . . Thus, in order to show that counsel's performance was unreasonable, the
> petitioner must establish that no competent counsel would have taken the action that
> his counsel did take....

Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001) (internal citations omitted).  Because

Bibb was sentenced in accordance with circuit precedent and federal sentencing statutes, his

counsel's performance cannot be deemed to have been deficient. <u>Yordan v. Dugger</u>, 909 F.2d at 477.

8.    A defendant's burden in demonstrating that his counsel's deficient performance prejudiced his case is "high;" it is not enough to show that any errors had some conceivable effect on the outcome of the proceeding. <u>Robinson v. Moore</u>, 300 F.3d 1320, 1343-44 (11th Cir. 2002). To succeed on the ineffective assistance of counsel claim, the defendant must show that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. As the Court sentenced Bibb using the appropriate version of the guidelines manual, the result of the proceedings (his sentence) would not have changed. Thus, as there was no prejudice, Bibb failed to meet his burden of establishing the second <u>Strickland</u> prong as well.

9.  For the above reasons, Bibb has failed to demonstrate that he is entitled to any relief from this Court, thus, the United States respectfully requests his § 2255 motion be denied without an evidentiary hearing.

Respectfully submitted this 16th day of November, 2005.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Todd A. Brown
TODD A. BROWN
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
ASB-1901-O64T
Todd.Brown@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **DERRICK LAKEITH BIBB** | ) |
| | ) |
| **Defendant/Movant,** | ) |
| | ) |
| **vs.** | )   **CASE NO. 2:05-CV-0884-T** |
| | )   **(Cr. No. 2:02-CR-0083-N)** |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

**CERTIFICATE OF SERVICE**


I hereby certify that on November 16, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, providing notice to Maryanne M. Prince, Esq., counsel for Bibb; and I hereby certify that I have mailed by United States Postal Service the documents to the following non-CM/ECF participant:

Derrick LaKeith Bibb, #10613-002
FCI Talladega
P. O. Box 7007
Talladega, AL 35160

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Todd A. Brown
TODD A. BROWN
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
ASB-1901-O64T
Todd.Brown@usdoj.gov