**FILED**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

AUG 1 5 2002

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  02-83-N |
| | ) | [21 USC 846; |
| GREG PRAMO GRANT, | ) | 18 USC 1956(h); |
| a/k/a KARIM RYAN MCLAREN, | ) | 21 USC 841(a)(1); |
| DERRICK LAKEITH BIBB, | ) | 18 USC 924(c); |
| JAPONICA SHRELL BIBB, | ) | 21 USC 853; |
| TOKA MICHELLE McDUFFIE WILLIAMS, | ) | 18 USC 982(a)(1)] |
| LATASHA FULTZ, and | ) | |
| DERRICK LNU, | ) | |
| a/k/a "Jamaican Derrick" | ) | SUPERSEDING INDICTMENT |

The Grand Jury charges:

## COUNT 1

From an unknown date but commencing as early as in or about
the month of October, 1999, and continuing thereafter up to filing
of this indictment, the exact dates being unknown to this Grand
Jury, in Montgomery county, within the Middle District of Alabama,
and elsewhere, defendants

GREG PRAMO GRANT,
a/k/a KARIM RYAN MCLAREN,
DERRICK LAKEITH BIBB,
JAPONICA SHRELL BIBB,
TOKA MICHELLE McDUFFIE WILLIAMS,
LATASHA FULTZ, and
DERRICK LNU,
a/k/a "Jamaican Derrick",

did knowingly and intentionally conspire, combine and agree
together and with other persons known and unknown to the Grand Jury
to distribute and possess with intent to distribute 1000 kilograms
or more of marijuana, a Schedule I Controlled Substance, in



GOVERNMENT'S
EXHIBIT

A

violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

<u>COUNT 2</u>

From an unknown date, but commencing at least as early as the 15th day of August, 2000, and continuing thereafter up to filing of this indictment, in the Middle District of Alabama and elsewhere, the defendants,

**GREG PRAMO GRANT,**
**a/k/a KARIM RYAN MCLAREN,**
**DERRICK LAKEITH BIBB,**
**JAPONICA SHRELL BIBB,**
**TOKA MICHELLE McDUFFIE WILLIAMS,**
**and LATASHA FULTZ,**

did knowingly and willfully combine, conspire, confederate with each other and with divers other persons, known and unknown to this Grand Jury, to knowingly conduct, attempt to conduct, and cause to be conducted, financial transactions affecting interstate commerce, to wit: the sending and receiving of monies wired through Western Union's Nationwide Network, using the proceeds of a specified unlawful activity, to-wit: conspiracy to distribute and distribution of a controlled substance in violation of Title 21, United States Code, Sections 841(a)(1) and 846, as charged in Count 1, with the intent to promote the carrying on a specified unlawful activity, all in violation of Title 18, United States Code, Section 1956(h).

2

## COUNT 3

That on or about the 23rd day of July, 2002, in Montgomery County, in the Middle District of Alabama, the defendant,

### LATASHA FULTZ,

did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 4

That on or about the 23rd day of July, 2002, in Montgomery County, in the Middle District of Alabama, the defendant,

### DERRICK LAKEITH BIBB,

did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 5

On or about the 23rd day of July, 2002, in Montgomery County, within the Middle District of Alabama, the defendant,

### DERRICK LAKEITH BIBB,

did unlawfully and knowingly use, carry, and possess a firearm, that is a Norinco (North China Industries), "SKS-M", 7.62mm caliber, semi-automatic rifle, serial number 9362828, a semiautomatic assault weapon, as defined by Title 18, United States Code, Section 921(a)(30)(A)(i), a better description of which is

unknown to the Grand Jury, during, in relation to, and in furtherance of the commission of the offense of possession with intent to distribute marijuana, a Schedule I Controlled Substance, a drug trafficking crime prosecutable in a court of the United States, in violation of Title 18, United States Code, Section 924(c)(1)(B)(i).

### COUNT 6

On or about the 23rd day of July, 2002, in Montgomery County, within the Middle District of Alabama, the defendant,

### DERRICK LAKEITH BIBB,

did unlawfully and knowingly use, carry, and possess a firearm, that is a Norinco (North China Industries), "SKS", 7.62mm caliber, semi-automatic rifle, serial number 230001992, a semiautomatic assault weapon, as defined by Title 18, United States Code, Section 921(a)(30)(A)(i), a better description of which is unknown to the Grand Jury, during, in relation to, and in furtherance of the commission of the offense of possession with intent to distribute marijuana, a Schedule I Controlled Substance, a drug trafficking crime prosecutable in a court of the United States, in violation of Title 18, United States Code, Section 924(c)(1)(B)(i).

### FORFEITURE ALLEGATION - 1

As a result of committing the controlled substance offenses alleged in Count 1 of this indictment, the defendant(s), shall

forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendant(s) obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count 1 of this Indictment, including but not limited to the following:

1.    **MONEY JUDGMENT**

A sum of money equal to $2,000,000 in United States currency, representing the approximate amount of proceeds obtained as a result of the offense alleged in Count 1 for which the defendants are jointly and severally liable.

2.    **CASH**

$97,330 in United States currency seized at the Montgomery, Alabama airport on or about November 12, 2001, in that such sum constitutes or is derived, directly or indirectly from the commission of the offense alleged in Count 1 or in that such sum constitutes or is derived, directly or indirectly, from proceeds traceable to such offense and such sums.

Substitute Assets

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

5

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred or sold to, or deposited with, a third person;

(3)    has been placed beyond the jurisdiction of the Court;

(4)    has been substantially diminished in value; or

(5)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant(s) up to the value of the above forfeitable property, all in violation of Title 21, United States Code, Sections 841, 846 and 853.

## FORFEITURE ALLEGATION - 2 - MONEY LAUNDERING

1.    Pursuant to Title 18, United States Code, Section 982(a)(1), each defendant who is convicted of the offense set forth in Count 2 shall forfeit to the United States the following property:

a.    All, right, title, and interest in any and all property involved in the conspiracy to commit money laundering offenses in violation of Title 18, United States Code, Section 1956(h), and all property traceable to such property, including the following: 1) all money or other property that was the subject of each financial transaction that the defendant(s) conspired to

6

conduct in violation of Section 1956; 2) all commissions, fees and other property obtained as a result of these violations; and 3) all property used in any manner or part to commit or to facilitate the commission of those violations, including but not limited to $97,330 in United States currency seized at the Montgomery, Alabama airport on November 12, 2001.

b.   A sum of money equal to the total amount of money the defendant(s) conspired to launder. If more than one defendant is convicted of the offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

2.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United Stats Code, Section 982(b), each defendant shall forfeit substitute property, up to the value of the amount described in paragraph 1, if, by any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

## FORFEITURE ALLEGATION - 3- WEAPONS

A.    Counts 5 and 6 of this indictment are hereby repeated and incorporated herein by reference.

7

B.    Upon conviction for the violation of Title 18, United States Code, Section 924(c)(1)(B)(i), as alleged in Count 5 of this indictment, the defendant

DERRICK LAKEITH BIBB,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Section 2461(c), all firearms and ammunition involved in the commission of this offense including but not limited to the following:

One Norinco, "SKS-M" 7.62mm Semi-automatic rifle, serial Number 9362828.

C.    Upon conviction for the violation of Title 18, United States Code, Section 924(c)(1)(B)(i), as alleged in Count 6 of this indictment, the defendant

DERRICK LAKEITH BIBB,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Section 2461(c), all firearms and ammunition involved in the commission of this offense, including but not limited to the following:

One Norinco, "SKS" 7.62mm Semi-automatic rifle, serial Number 230001992.

D.    If the any of the property described in this forfeiture allegation, as a result of any act an omission of the defendant

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred and sold to, and deposited with a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty; the court shall pursuant to Title 21, United States Code, Section 853 as incorporated by Title 28, United States Code, Section 2461(c), order the forfeiture of any other property of the defendant(s) up to the value of any property described in paragraph B above. All in violation of Title 18, United States Code, Section 924.

A TRUE BILL:

_Geraldine Thomas_
**Foreperson**

_Leura G. Canary_
**LEURA GARRETT CANARY**
United States Attorney

_John T. Harmon_
**JOHN T. HARMON**
Assistant United States Attorney

_Todd A. Brown_
**TODD A. BROWN**
Assistant United States Attorney

9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | **PRESENTENCE INVESTIGATION REPORT** |
| vs. ) | |
| ) | **Docket No. 2:02CR00083-002** |
| DERRICK LAKEITH BIBB ) | |

**Prepared for:**        The Honorable Myron H. Thompson
United States District Judge

**Prepared by:**        Alfred Lancaster
United States Probation Officer
Montgomery, Alabama
(334) 954-3242

| | |
|---|---|
| **Assistant U.S. Attorney** | **Defense Counsel** |
| **Todd A. Brown** | **Maryanne Melko Prince** |
| One Court Square | 631 South Perry Street |
| Suite 201 | Montgomery, AL 36104 |
| Post Office Box 197 | (334) 262-1006 |
| Montgomery, AL 36101-0197 | |
| (334) 223-7280 | |

**Sentence Date:**     **October 15, 2003**

**Offense:**       Count 1:     Conspiracy to Possess With Intent to Distribute 100 Kilograms or more of Marijuana
[21 U.S.C. §§ 841(a)(1) and 846]
NLT 5 years and NMT 40 years/$2,000,000 fine,
a Class B felony

              Count 2:     Conspiracy to Launder Monetary Instruments
[18 U.S.C. §§ 1956(h)]
NMT 20 years/$500,000 fine
a Class C Felony

              Count 4:     Possession With Intent to Distribute Less Than 50 Kilograms of Marijuana
[21 U.S.C. §841(a)(1)]
NMT 5 years/$250,000 fine
a Class D Felony

**Release Status:**     Arrested by U.S. Marshals, on July 23, 2002, and ordered detained.

**Detainers:**        Montgomery County Sheriff's Office - Probation violation

GOVERNMENT'S EXHIBIT
B
PENGAD 800-631-6989

**Codefendants:**        Greg Pramo Grant - 2:02CR00083-001
Japonica Shrell Bibb - 2:02CR00083-003
Toka Michelle McDuffie Williams - 2:02CR00083-004
Latasha Fultz - 2:02CR00083-005
Derrick LNU - 2:02CR00083-006
a/k/a "Jamaican Derrick"

**Related Cases:**      Kenneth Bernard Wilson - 2:02CR00038-001
Roderick Fultz - 2:02CR00139-001

**Date Report Prepared:**           **Date Report Revised:**
September 19, 2003

2

U.S.A. v. Derrick Lakeith Bibb                         Presentence Investigation Report
Docket No. 2:02CR00083-002

## Identifying Data:

| | |
|---|---|
| Date of Birth: | July 2, 1977 |
| Age: | 26 |
| Race: | Black |
| Sex: | Male |
| Ethnic Origin: | Non-Hispanic |

| | |
|---|---|
| S.S.#: | 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 |
| FBI #: | 734163MB5 |
| USM #: | 10613-002 |
| Other ID#: | SID# AL01498241 |
| | Driver's License #AL7428901 (current) |

| | |
|---|---|
| Education: | 11th Grade |
| Dependents: | None |
| Citizenship: | U.S.A. |

| | |
|---|---|
| Legal Address: | 2168 Union Academy Road |
| | Ramer, AL 36069 |
| | (334) 284-6890 |

| | |
|---|---|
| Present Address: | c/o Montgomery City Jail |
| | P. O. Drawer 159 |
| | Montgomery, AL 36101 |

| | |
|---|---|
| Aliases: | Darrick Lakeith Bibb |



## PART A.   THE OFFENSE

### Charge(s) and Conviction(s)

1.     On June 27, 2002, a two-count indictment was filed in the District Court for the Middle District of Alabama, Northern Division, charging Greg Pramo Grant, **Derrick Lakeith Bibb**, Japonica Shrell Bibb, Toka Michelle McDuffie Williams, Latasha Fultz and Derrick LNU with conspiracy to distribute marijuana and money laundering.  This indictment was dismissed on August 27, 2002, as a six-count superseding indictment was filed on August 15, 2002, charging the above-noted defendants with violations of the Controlled Substance Act, Gun Control Act and money laundering.  Specifically, Count 1 of the superseding indictment charges that from an unknown date but commencing as early as in or about the month of October, 1999, and continuing thereafter up to the filing of this indictment, Greg Pramo Grant, **Derrick Lakeith Bibb**, Japonica Shrell Bibb, Toka Michelle McDuffie Williams, Latasha Fultz and Derrick LNU did conspire, combine and agree to distribute and possess with intent to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

2.     Count 2 charges that from an unknown date, but commencing at least as early as August 15, 2000, and continuing thereafter up to the filing of this indictment, Greg Pramo Grant, **Derrick Lakeith Bibb**, Japonica Shrell Bibb, Toka Michelle McDuffie Williams and Latasha Fultz did conspire, combine and confederate with each other to knowingly conduct financial transactions affecting interstate commerce, that is the sending and receiving of monies wired through Western Union's Nationwide Network, and using the proceeds from the conspiracy to distribute a controlled substance with the intent to promote the carrying on of the specified unlawful activity, all in violation of 18 U.S.C. § 1956(h).

3.     Count 3 charges that on or about July 23, 2002, in Montgomery County, Alabama, Latasha Fultz did possess with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1).

4.     Count 4 charges that on or about July 23, 2002, in Montgomery County, Alabama, **Derrick Lakeith Bibb** did possess with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1).

5.     Counts 5 and 6 charge that on or about July 23, 2002, in Montgomery County, Alabama, **Derrick Lakeith Bibb** did unlawfully use, carry and possess firearms, that is a Norinco (North China Industries), "SKS-M", 7.62mm caliber, semi-automatic rifle, serial number 9362828, a semi-automatic assault weapon, and a Norinco (North China Industries), "SKS", 7.62mm caliber, semi-automatic rifle, serial number 230001992, a semiautomatic assault weapon, as defined in 18 U.S.C. § 921(a)(30)(A)(i), during in relation to and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B)(I).

4

U.S.A. v. Derrick Lakeith Bibb                                      Presentence Investigation Report
Docket No. 2:02CR00083-002

6.    The indictment further alleges that various property acquired as a result of the marijuana
      distribution ring and money laundering scheme to include $97,330 in United States currency
      seized at the Montgomery, Alabama, airport on November 12, 2001, and two Norinco,
      "SKS-M" 7.62mm semi-automatic rifles, be forfeited to the United States, pursuant to 21
      U.S.C. § 853 and 18 U.S.C. § 982(a)(1).

7.    On July 23, 2002, Grant was arrested by U. S. Marshals in Los Angeles, California, and
      ordered detained. On July 23, 2002, **Derrick Lakeith Bibb** was arrested by U. S. Marshals
      and ordered detained. On July 24, 2002, Japonica Shrell Bibb, Toka Michelle McDuffie
      Williams and Latasha Fultz were arrested by U. S. Marshals and released on bond with
      pretrial supervision.

8.    On July 11, 2003, **Derrick Bibb** proceeded to trial. On July 15, 2003, a jury found **Bibb**
      guilty on counts 1, 2 and 4 of the superseding indictment and not guilty on counts 5 and 6.
      He was ordered detained pending sentencing.

### Status of Co-defendants

9.    On March 5, 2003, Grant appeared before United States Magistrate Judge Delores R. Boyd
      and entered a plea of guilty to counts 1 and 2 of the superseding indictment pursuant to Rule
      11(c)(1)(B), *Federal Rules of Criminal Procedure*. Grant was sentenced on July 25, 2003,
      to a term of 168 months custody of the Bureau of Prisons to be followed by a 5 year term of
      supervised release.

10.   On March 5, 2003, Japonica Shrell Bibb pled guilty to counts 1 and 2 of the superseding
      indictment pursuant to Rule 11(c)(1)(B), to include a recommended sentence of 46 months.
      She was released on bond pending sentencing.

11.   On March 5, 2003, Latasha Fultz pled guilty to counts 1 and 2 of the superseding indictment
      pursuant to Rule 11(c)(1)(B). On July 25, 2003, Fultz was sentenced to a 63 month custody
      term to be followed by a 5 year term of supervised release.

12.   On July 10, 2003, Toka Williams entered a plea of guilty to count 2 of the superseding
      indictment. The terms of the plea agreement were placed under seal. She was released on
      bond pending sentencing.

13.   Derrick LNU, aka "Jamaican Derrick", remains at large.

### Status of Related Cases

14.   On January 28, 2003, Roderick Fultz was sentenced to 24 months custody to be followed by
      a 3-year term of supervised release for possession with intent to distribute marijuana and
      felon in possession of a firearm. On April 8, 2003, Kenneth Bernard Wilson was sentenced

U.S.A. v. Derrick Lakeith Bibb                                    **Presentence Investigation Report**
Docket No. 2:02CR00083-002

to 48 months custody to be followed by a 5-year term of supervised release for possession
with intent to distribute marijuana, possession of a firearm in relation to a drug trafficking
crime and money laundering.

### The Offense Conduct

15.   On January 12, 2001, Kenneth Bernard Wilson was arrested by the Montgomery Police
      Department for trafficking marijuana and possession of a firearm following a traffic stop.
      Police seized from Wilson 1,127 grams of marijuana, $3,500 in assorted U.S. currency and
      a Western Union send ticket showing a $6,000 wire transfer from Wilson to Yvette Neria in
      Los Angeles, California, on January 4, 2001.

16.   While on bond for the January 12, 2001, arrest, Wilson was stopped by a Montgomery police
      officer on July 24, 2001, for a routine traffic violation. Upon the officer approaching
      Wilson's vehicle, he detected the odor of marijuana and noticed a large quantity of U.S.
      currency on the seat of his vehicle as well as on his lap. The officer instructed Wilson to exit
      the vehicle and requested consent to conduct a search. Wilson granted the officer consent
      to search his vehicle at which time a Lorcin 9mm pistol was located in the vehicle. Wilson
      was placed under arrest for carrying a pistol without a license. Upon the arrival of a K-9
      unit, the officers conducted a further search of the vehicle and located approximately 24
      pounds of marijuana in a box on the back seat and weighing scales in the trunk. Laboratory
      analysis revealed the marijuana seized from Wilson's vehicle totaled 11,315 grams. The
      cash seized from the vehicle totaled $3,727.

17.   Based upon Wilson's previous arrests involving substantial amounts of money and
      marijuana, and locating a receipt from Western Union regarding a money wire transfer from
      Wilson to Los Angeles, California, the case was referred to the High Intensity Drug
      Trafficking Area (HIDTA) Task Force, for further investigation. In August 2001, a subpoena
      was issued to Western Union for all wire transfers made by Kenneth Wilson from
      Montgomery to Los Angeles, California. The investigation revealed that Wilson made a total
      of 13 money wire transfers from Montgomery to Los Angeles. The wire transfers totaled
      $58,000 spanning from January 4, 2001, to November 16, 2001.

### Kenneth Bernard Wilson's Statement

18.   On June 5, 2002, Wilson agreed to be interviewed by agents. He advised that he was
      involved in a marijuana distribution and money laundering organization with Greg Grant,
      **Derrick Bibb**, Latasha Fultz, Japonica Bibb, and Derrick LNU. He identified Grant as the
      California-based marijuana supplier and **Derrick Bibb** as a primary distributor in
      Montgomery. Wilson stated that Grant would regularly ship packages of marijuana from
      California to Montgomery via UPS. Wilson estimated that he has received more than 1,500
      pounds of marijuana from Grant which he distributed in the Montgomery area. He stated that
      he paid approximately $650 per pound. Wilson confirmed that Latasha Fultz, Japonica Bibb

and Derrick LNU acted primarily as money couriers for the organization. Wilson stated that based on Grant's instruction, he met with Latasha Fultz on five to ten occasions for the purpose of turning over drug proceeds to be forwarded to Grant. He estimated the money he turned over to her to be forwarded to Grant ranged from $17,000 to $70,000. Wilson also stated that Latasha Fultz delivered a twenty-five pound package of marijuana to him from Grant on one occasion. During this delivery, he observed that she had four packages of marijuana remaining. She stated that one of the packages was going to her brother, Roderick Fultz. Wilson also stated that Grant instructed him to turn over drug proceeds to Japonica Bibb, ranging from $1,700 to $4,000 on approximately four to five occasions. Wilson advised agents that Japonica Bibb was Grant's girlfriend. Wilson stated that they used Western Union primarily to send the money to Grant. Records received from Western Union revealed the organization wired a total $478,470 from August 2000, to April 2002. Western Union records further indicated that **Derrick Bibb** personally wired a total of $82,700 to Grant.

### Search of Derrick Bibb's Residence

19. On July 23, 2002, agents of the HIDTA task force executed a search warrant at the residence of **Derrick Bibb**, located at 1835-B Coral Lane, Montgomery, Alabama. Upon searching the residence, agents located 248.5 grams of marijuana in a back bedroom along with a loaded SKS assault rifle. Agents seized $2,500 in U.S. currency from the front bedroom as well as another loaded SKS assault rifle. Also seized from the residence were weighing scales, UPS packaging materials, wire transfer records and other documents. **Bibb** was placed under arrest without incident.

### Greg Pramo Grant's Statement

20. On January 21, 2003, Grant agreed to be interviewed by agents and provided a statement. Grant advised agents that he began distributing marijuana in approximately 1996 or 1997 in Los Angeles, California. He stated that his main source of supply was a Mexican male named Jorge Garcia. Grant advised that when he first started working for Garcia, he would pick up money from Western Union and take it to Garcia. Grant confirmed the money was payment from drug sales in Montgomery, Alabama, Florida and New York. He stated that he would make approximately two trips per month to Western Union to retrieve the money and each trip usually involved approximately $5,000 to $6,000. He advised agents that he would also use other individuals to pick up money for him. Grant advised that it was through Garcia that he met "Jamaican Derrick" whose real name was Derrick Fisher. Grant stated that "Jamaican Derrick" was sending marijuana to Florida, Montgomery and Kansas City. Grant stated that when he began sending marijuana to Montgomery that he would forward the drugs to **Derrick Bibb** and Kenneth Wilson via UPS in five to 25 pound bundles. He confirmed that between 1998 and 2002, he "moved" approximately 2,000 pounds of marijuana into Montgomery. Grant advised he met **Derrick Bibb** through Bibb's sister, Japonica Bibb. Grant met Japonica Bibb in 1998 while she was staying in Los Angeles. He

stated they began dating at which time she advised that she had a family member who was interested in selling marijuana. Grant advised this is when he and **Bibb** established their drug dealing relationship. Grant stated that after **Derrick Bibb** sold the marijuana, he would receive payment via Western Union. Grant stated that he would sometimes use another girlfriend, Latasha Fultz, to collect the money from **Bibb** and Wilson. When the money was not forwarded through Western Union, Latasha Fultz would hold the money at her residence until Grant's brother, Kasim Grant could come to Montgomery and pick it up. Grant confirmed the money seized at the Montgomery Regional Airport belonged to "Jamaican Derrick."

### Derrick Bibb's Proffer Statement

21.    On January 30, 2003, **Derrick Bibb** agreed to be interviewed and provided a statement pursuant to a proffer agreement. He advised agents that he and Kenneth Wilson attended school together and he has known him since 1992 or 1993. **Bibb** advised that he first met Grant in approximately February 2000 as Grant was dating his sister, Japonica Bibb. He stated that Grant and "Jamaican Derrick" flew to Montgomery in June 2000 and met with him and Wilson at Japonica's apartment. During this meeting, **Bibb** stated Grant discussed shipping marijuana to him via UPS for $650 per pound. **Bibb** advised that each shipment of marijuana would weigh approximately 25 pounds. **Bibb** stated he would then give the marijuana to another individual to sell for him. Upon selling the marijuana, he would return payment to Grant via Western Union. **Bibb** estimated that he personally distributed approximately 500 pounds of marijuana in the Montgomery, Alabama, area between 2000 and 2002. He confirmed that all his marijuana came from Greg Grant.

### Victim Impact Statement

22.    There is no identifiable victim who suffered a physical or financial loss as a result of this offense.

### Adjustment for Obstruction of Justice

23.    The probation officer has uncovered no information suggesting that the defendant impeded or obstructed justice.

### Adjustment for Acceptance of Responsibility

24.    The defendant was found guilty as to counts 1, 2 and 4 of the superseding indictment following a jury trial, therefore, he is not due an adjustment pursuant to USSG §3E1.1.

### Offense Level Computation

25.    The 2002 edition of the Guidelines Manual, effective April 30, 2003, has been used in this case.

**U.S.A. v. Derrick Lakeith Bibb**                                    Presentence Investigation Report
**Docket No. 2:02CR00083-002**

26.    According to USSG §3D1.1, when a defendant has been convicted of more than one count, the court shall group the counts into distinct groups of closely related counts by applying the rules in USSG §3D1.2. Pursuant to USSG §2S1.1, comment.(n.6), in a case in which the defendant is convicted of a count of laundering funds and a count for the underlying offense from which the laundered funds were derived, the counts shall be grouped pursuant to §3D1.2(c) (Groups of Closely Related Counts). The offense level applicable to a Group is the offense level, determined in accordance with Chapter Two and Parts A, B, and C of Chapter Three, for the highest offense level of the counts in the Group. USSG §3D1.3(a). The guideline for money laundering results in a higher offense level than the guideline for trafficking marijuana.

27.    **Base Offense Level:** The guideline for a violation of 18 U.S.C. § 1956(h) is found at USSG §2S1.1(a)(1), <u>Laundering of Monetary Instruments</u>, which instructs that the base offense level is the offense level for the underlying offense from which the laundered funds were derived. The laundered funds were derived from the sale of marijuana in violation of 21 U.S.C. § 841(a)(1). The guideline for unlawful distribution of a controlled substance is found at §2D1.1. The offense level is 28.                                    <u>28</u>

Base Offense Level: The guideline for distribution of marijuana is found at §2D1.1, <u>Offenses Involving Drugs</u>. Pursuant to USSG §2D1.1(a)(3), the base offense level is that set forth in the Drug Quantity Table. The statements and testimony of Greg Grant and Kenneth Bernard Wilson established that Derrick Bibb was responsible for the distribution of approximately 500 pounds (226.8 KG) of marijuana. According to §2D1.1(c)(7), at least 100 KG but less than 400 KG of marijuana corresponds with a base offense level of 26.                                    <u>26</u>

Specific Offense Characteristics: Pursuant to USSG §2D1.1(b), if a dangerous weapon (including a firearm) was possessed, increase by 2 levels. During a search of Bibb's residence, officers located two SKS assault rifles and a quantity of marijuana, therefore, 2 levels are added.                                    <u>+2</u>

Guideline Offense Level:                                    28

28.    **Specific Offense Characteristics:** Pursuant to USSG §2S1.1(b)(2)(B), if the defendant was convicted under 18 U.S.C. § 1956, increase by 2 levels.                                    <u>+2</u>

29.    **Adjustment for Role in the Offense:** None                                    <u>0</u>

30.    **Victim-Related Adjustments:** None                                    <u>0</u>

31.    **Adjustment for Obstruction of Justice:** None                                    <u>0</u>

32.    **Adjusted Offense Level** (Subtotal):                                    30

9

U.S.A. v. Derrick Lakeith Bibb                                    Presentence Investigation Report
Docket No. 2:02CR00083-002

33.  **Adjustment for Acceptance of Responsibility:** The defendant does not qualify for a three
     level adjustment pursuant to USSG §3E1.1.                                            **0**

34.  **Chapter Four Enhancements:**  None                                                 **0**

35.  **Total Offense Level:**                                                             **30**

# PART B.  THE DEFENDANT'S CRIMINAL HISTORY

## Juvenile Adjudications

| | Date of Arrest | Conviction/ Court | Date Sentence Imposed/ Disposition | Guideline/ Points |
|---|---|---|---|---|
| 36. | 06/21/95 (Age 17) | Criminal Trespass, 3rd Degree/ Juvenile Court, Montgomery County, AL, Case No. JU 95-812.01 | 10/30/95: placed on probation | 4A1.2(d)(2) 0 |

No further details available.

| 37. | 07/06/95 (Age 18) | Burglary, 3rd Degree (2 cases)/ Juvenile Court, Montgomery County, AL, Case No. JU 95-812.02 and JU 95-812.03 | 10/30/95: Placed on probation. | 4A1.1(c) 1 |

No further details available.

## Adult Criminal Convictions

| | Date of Arrest | Conviction/ Court | Date Sentence Imposed/ Disposition | Guideline/ Points |
|---|---|---|---|---|
| 38. | 09/14/96 (Age 19) | No Driver's License/ Municipal Court, Montgomery, Alabama, Case No. 1996TRT036080 | 10/08/99: Served 6 days in jail in lieu of $92.50 fine. | 4A1.2(c)(1) 0 |

U.S.A. v. Derrick Lakeith Bibb                              Presentence Investigation Report
Docket No. 2:02CR00083-002

The defendant was not represented by counsel.  No further details available.

| 39. | 12/23/96<br>(Age 19) | No Driver's License/<br>Municipal Court,<br>Montgomery, Alabama, Case<br>No. 1996TRT046846 | 10/08/99: Served six<br>days in jail in lieu of<br>$92.50 fine. | 4A1.2(c)(1)<br><br>0 |

The defendant was not represented by counsel.  No further details available.

| 40. | 05/22/97<br>(Age 19) | No Driver's License/<br>Municipal Court,<br>Montgomery, Alabama, Case<br>No. 1997TRT024882 | 10/08/99: Served 6<br>days in jail in lieu of<br>$92.50 fine. | 4A1.2(c)(1)<br><br>0 |

The defendant was not represented by counsel.  No further details available.

| 41. | 03/08/98<br>(Age 20) | Harassment - Domestic<br>Violence/ Municipal Court,<br>Montgomery, Alabama, Case<br>No. A802436A | 03/09/98: 30 days<br>custody, suspended,<br>$270 fine and court<br>costs (paid-in-full). | 4A1.1(c)<br><br>1 |

The defendant was represented by counsel.  According to the affidavit, on July 16,
1997, the complainant advised police that her boyfriend, Derrick Bibb, hit and
threatened her during an argument.

| 42. | 03/08/98<br>(Age 20) | No Driver's License/<br>Municipal Court,<br>Montgomery, Alabama, Case<br>No. 1998TRT009481 | 06/04/01: $198 fine<br>(paid-in-full). | 4A1.2(c)(1)<br><br>0 |

The defendant was not represented by counsel.  No further details available.

| 43. | 04/11/01<br>(Age 23) | No Driver's License/<br>Municipal Court,<br>Montgomery, Alabama, Case<br>No. 2001TRT011632 | 05/10/02: $303 fine<br>(paid-in-full). | 4A1.2(c)(1)<br><br>0 |

The defendant was not represented by counsel.  No further details available.

11

| 44. | 04/20/01 (Age 23) | Driving While License Suspended/ Municipal Court, Montgomery, Alabama, Case No. 2001TRT12635 | 05/10/02: $203 fine (paid-in-full). | 4A1.2(c)(1) |
| | | | | 0 |

The defendant was not represented by counsel. No further details available.

| 45. | 04/20/01 (Age 23) | Unlawful Possession of Marijuana, 1st Degree/ Circuit Court, Montgomery County, Alabama, Case No. CC 2002-470 | 06/19/02: Three years custody, suspended, placed on two years probation. 09/26/02: Probation violation warrant issued and remains outstanding. | 4A1.2(a) |
| | | | | 0 |

The defendant was represented by counsel. According to the presentence report, on April 20, 2001, Montgomery police officers stopped Bibb's car for a traffic violation. Upon the officers approaching his car, they observed him reaching under the driver's seat and toward the glove compartment of the vehicle. They also detected a strong odor of marijuana coming from the vehicle. The officers instructed Bibb to step out of his vehicle and place his hands on top of his head. During a pat down search of Bibb's person, the officers located a plastic bag containing several small plastic bags of marijuana. Bibb was placed under arrest for possession of marijuana, first degree. The total weight of the marijuana seized during the arrest was 28.80 grams. At the time the defendant committed this offense, he was fully engaged in the instant offense regarding the trafficking of marijuana, therefore, this offense is considered related to the instant offense conduct. A probation violation warrant was requested September 19, 2002, by Bibb's state probation officer based upon his arrest by federal authorities for trafficking marijuana and money laundering.

**Criminal History Computation**

46.  The above noted criminal convictions result in a criminal history score of 2. According to the Sentencing Table (Chapter 5, Part A), two criminal history points establish a criminal history category of II.

U.S.A. v. Derrick Lakeith Bibb
Docket No. 2:02CR00083-002

Presentence Investigation Report

# PART C.  OFFENDER CHARACTERISTICS

### Personal and Family Data

47.  Derrick Lakeith Bibb was born on July 2, 1977, in Montgomery, Alabama, to Frank Johnson
     and Claudette Kelly. The defendant's parents never married. He was raised primarily by his
     mother and has resided in the Montgomery area his entire life. The defendant's mother, age
     48, currently resides at 2168 Union Academy Road, Ramer, Alabama.  His mother is
     unemployed and receives disability benefits.  His father, age 55, currently resides in the
     Ramer, Alabama, area as well.  The defendant has one brother and three sisters.  Eric
     Pettaway, age 31, Japonica Bibb (co-defendant), age 22, Jabreal Pettaway, age 29, and
     Latonya Bibb, age 24. Eric Pettaway and Jabreal Pettaway reside in Los Angeles, California.
     Japonica Bibb and Latonya Bibb reside with their mother in Ramer.  The above-noted
     information was verified by his mother, Claudette Kelly.

48.  The defendant has never married nor fathered any children. At the time of his arrest, he was
     residing in an apartment located at 1835 Coral Lane, Montgomery, Alabama, with his
     girlfriend, Latonya Favor.  Upon the defendant's release from prison, he advised he wished
     to return to the Montgomery area.

### Physical Condition

49.  The defendant is 5 feet 11 inches tall and weighs approximately 168 pounds. He has brown
     eyes and black hair.  The defendant has no tattoos or identifying body scars and rates his
     overall physical health as good.  He is not prescribed any medication at this time.

### Mental and Emotional Health

50.  The defendant advised that he is in good mental health and has no history of mental or
     emotional problems.

### Substance Abuse

51.  The defendant advised that he started using marijuana at age 19 and used said drug on a
     weekly basis until his arrest for the instant offense.

### Education and Vocational Skills

52.  The defendant dropped out of school in 1996, after completing the 11th grade at Jefferson
     Davis High School, Montgomery, AL. He has received no further educational or vocational
     training.

### Employment Record

53.    The defendant was unemployed at the time of his arrest, however, from approximately 1997 to 2000, he was employed at SuperLube, Carter Hill Road, Montgomery, AL, earning approximately $6.50 per hour.

### Financial Condition: Ability to Pay

54.    The defendant completed a financial affidavit claiming a 1991 Chevy Caprice valued at approximately $1,500 as his only asset. The defendant claimed no significant liabilities. It is clear that the defendant made significant amounts of money during the operation of his drug distribution ring but the probation officer has been unable to uncover any hidden assets able to be used in payment of a lump sum fine. A review of his credit report confirmed his lack of any significant traceable assets or income to be used in payment of a lump sum fine. His current financial condition does not differ significantly from that reported at the time of his arrest.

## PART D.  SENTENCING OPTIONS

### Custody

55.    **Statutory Provisions:** Pursuant to 21 U.S.C. § 841(b)(1)(B), the authorized term of imprisonment as to count 1 is not less than 5 years and not more than 40 years. Pursuant to 18 U.S.C. § 1956(a)(1), the authorized term of imprisonment as to count 2 is not more than 20 years. Pursuant to 21 U.S.C. § 841(b)(1)(D), the authorized term of imprisonment as to count 4 is not more than 5 years.

56.    **Guideline Provisions:** Based upon a total offense level of 30, and a criminal history category of II, the guideline range of imprisonment is 108 to 135 months (Zone D).

### Impact of Plea Agreement

57.    There was no plea agreement in this case.

### Supervised Release

58.    **Statutory Provisions:** Pursuant to 21 U.S.C. § 841(b)(1)(B), the authorized term of supervised release as to count 1 is at least 4 years. Pursuant to 18 U.S.C. § 3583(b)(2), the authorized term of supervised release as to count 2 is not more than 3 years. Pursuant to 21 U.S.C. § 841(b)(1)(D), the authorized term of supervised release as to count 4 is at least 2 years. According to 18 U.S.C. § 3624(e), the terms of supervised release imposed shall run concurrently.

**U.S.A. v. Derrick Lakeith Bibb**                                          Presentence Investigation Report
**Docket No. 2:02CR00083-002**

59.    **Guideline Provisions:** Pursuant to USSG §5D1.2(a)(1), the authorized term of supervised release as to count 1 is at least three years but not more than five years. Pursuant to USSG §5D1.2(a)(2), the authorized term of supervised release as to counts 2 and 4 is at least two years but not more than three years. Pursuant to USSG §5D1.2(b), the term of supervised release imposed shall not be less than any statutorily required term of supervised release. In addition to the standard conditions of supervised release, the defendant is also subject to special conditions of supervision as provided in USSG §§5D1.3(d) and (e).

### Probation

60.    **Statutory Provisions:** Pursuant to 18 U.S.C. § 3561(a)(1), the defendant is not eligible for a sentence of probation as to count 1 as it is a Class B felony. Pursuant to 18 U.S.C. §3561(a)(3), the defendant is not eligible for a sentence of probation as to counts 2 and 4 as he is being sentenced at the same time to a term of imprisonment for a different offense that is not a petty offense.

61.    **Guideline Provisions:** Pursuant to USSG §5C1.1(f), the defendant is not eligible for a sentence of probation as the applicable guideline range of imprisonment is in Zone D of the sentencing table.

### Fines

62.    **Statutory Provisions:** The maximum fine as to count 1 is $2,000,000, pursuant to 21 U.S.C. § 841(b)(1)(B). The maximum fine as to count 2 is $500,000, pursuant to 18 U.S.C. § 1956(a)(1). The maximum fine as to court 4 is $250,000, pursuant to 21 U.S.C. § 841(b)(1)(D).

63.    A special assessment of $100.00 per count of conviction is mandatory, pursuant to 18 U.S.C. § 3013. The total felony assessment owed is $300.

64.    **Guideline Provisions:** Pursuant to USSG §5E1.2(c)(3), the guideline fine range is $15,000 to $2,500,000.

65.    In determining the amount of the fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. USSG §5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts, dated June 3, 2002, suggests that a monthly cost of $1,876.61 be used for imprisonment, a monthly cost of $1,475.67 be used for halfway houses, and an annual cost of $3,398.79 be used for supervision.

U.S.A. v. Derrick Lakeith Bibb                                      Presentence Investigation Report
Docket No. 2:02CR00083-002

### Restitution

66.   **Statutory Provisions:** Pursuant to 18 U.S.C. § 3663(c) the court may order restitution to the
      community based on the amount of public harm caused by the offense.  In no case shall the
      amount of restitution exceed the amount of the fine ordered for the offense charged in the
      case.

67.   **Guideline Provisions:** Pursuant to USSG §5E1.1(e), the court shall order an amount of
      community restitution.  If the court has determined that the defendant does not have the
      ability to pay a fine, no community restitution shall be imposed.

### Denial of Federal Benefits

68.   **Statutory Provisions:** Pursuant to 21 U.S.C. § 862, upon a defendant's first conviction for
      Distribution of a Controlled Substance, the Court  may declare the defendant ineligible for
      any or all federal benefits for a period up to five years after such conviction at the discretion
      of the Court.

69.   **Guideline Provisions:** Pursuant to USSG §5F1.6, the Court may deny eligibility for certain
      federal benefits of any individual convicted of Distribution of a Controlled Substance.

## PART E.   FACTORS THAT MAY WARRANT DEPARTURE

70.   The probation officer has no information concerning the offense or the defendant that would
      warrant a departure from the prescribed guideline range.

                          Respectfully submitted,

                          Joseph T. Nash
                          Chief U.S. Probation Officer


                    by _____
                          Alfred  Lancaster
                          United States Probation Officer

16

**U.S.A. v. Derrick Lakeith Bibb**
**Docket No. 2:02CR00083-002**

APPROVED:

R. Dwayne Spurlock
Supervisory United States Probation Officer

/all

Date: September 19, 2003