IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05cv884-T |
| | ) | |
| DERRICK LAKEITH BIBB | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a supplemental response (Doc. 13) addressing the movant's claim that his counsel was ineffective at the trial court level and/or on direct appeal for failing to argue that the trial court's use of the 2002 Sentencing Guidelines Manual, instead of the 1999 Sentencing Guidelines Manual, in calculating the movant's sentence violated the *ex post facto* clause of the United States Constitution.

In its supplemental response, the government argues that this claim of ineffective assistance of counsel lacks merit. Specifically, the government argues that because the movant was convicted of conspiracy to commit money laundering from August 2000 to August 2002, the August 2002 date controlled which version of the Sentencing Guidelines Manual applied to the movant's sentence. *See United States v. Bailey*, 123 F.3d 1381, 1406 (11th Cir. 1997), quoting *United States v. Cooper*, 35 F.3d 1248, 1251 (8th Cir. 1994) ("[W]ith conspiracy and other continuing offenses it is the completion date of the offense that controls the version of the Sentencing Guidelines to be applied."). The government

contends that use of the 2002 version of the Sentencing Guidelines manual was therefore appropriate in the movant's case and did not violate the *ex post facto* clause. Thus, the government maintains that the movant's claim of ineffective assistance of counsel rests on allegations that fail to establish either deficient performance or prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984).

Accordingly, it is

**ORDERED that on or before December 2, 2005**, the movant may file a reply to the response filed by the United States. Any documents or evidence filed after this date will not be considered by the court except upon a showing of exceptional circumstances. At any time after December 2, 2005, the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the motion as justice dictates." Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

The movant is instructed that when responding to the assertions contained in the government's response, he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts that demonstrate that the movant is entitled to relief on the grounds presented in his § 2255 motion. If documents that have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When the movant attacks the government's response by use of affidavits or other documents, the court will,

at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2255 Proceedings in the United States District Courts*. The movant is advised that upon expiration of the time for filing a response to this order, the court will proceed to consider the merits of the pending § 2255 motion pursuant to Rule 8(a).

    Done this 17th day of November, 2005.

                                            **/s/ Delores R. Boyd**
                                            DELORES R. BOYD
                                            UNITED STATES MAGISTRATE JUDGE