IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 MAR -8 A 9: 25

DERRICK LAKEITH BIBB )
    Defendant-Movant, )
)
vs. ) CASE NUMBER: 2:05cv884-T
)
UNITED STATES OF AMERICA )
    Plaintiff-Respondent. )

MOVNAT'S PRO SE MOTION FOR RELEASE PENDING
COURTS' RESOLUTION OF A 28 U.S.C. § 2255 CASE

    Comes now, Movant Derrick Lakeith Bibb, a pro se federal prisoner in the above styled name and numbered cause, and pursuant to federal Rules of Appellate Procedure ("Fed.R.App.P.") 23 and Eleventh Circuit Rule ("11th Cir.R.") 23, hereby moves this Court to admit him to release on bail pending the Court's judicial resolution of his pro se motion filed under 28 U.S.C. § 2255. In support of the instant motion, Movant states the following:

A. Relevant History of The Case

    Mr. Bibb is presently incarcerated in federal prison for conspiracy to distribute 100 kilograms of marijuana, conspiracy to launder monetary instruments, and possession with intent to distribute 100 kilograms of marijuana. After Mr. Bibb's conviction and sentence were affirmed on appeal, and the United States Supreme

Court denied certioraria review, Mr. Bibb then filed a timely motion for post-conviction relief pursuant to 28 U.S.C. § 2255[1] complaining of his defense attorney's ineffectiveness during the trial, sentencing, direct appeal and, on certiorari review to the United States Supreme Court.

Following a response from the United States (Government) to Mr. Bibb's pro se section 2255 motion, and Mr. Bibb's submission of his traverse to that response, this Court ordered that the Government file a supplemental response with respect to Mr. Bibb's claim of his counsel's ineffectiveness at the trial court level and/or on direct appeal in light of counsel's failure to argue that the trial court's use of the 2002 Sentencing Guidelines Manual, instead of the 1999 Sentencing Guidelines Manual, in calculating Mr. Bibb's sentence violated the ex post facto clause of the United States Constitution. The Government timely filed its supplemental response and thereafter, Mr. Bibb filed his reply to the same. No other judicial actions have ensued since November 3, 2005. Accordingly, this Court's judicial resolution of Mr. Bibb's pro se § 2255 Motion is currently still pending.

B. Exceptional Reasons Warranting Release Pending the Courts' Final Resolution of this 28 U.S.C. § 2255 Case

As an initial matter, Mr. Bibb submits that the law is well settled that a federal prisoner, in a proceeding brought under 28 U.S.C. § 2255, may properly seek release from custody. Fed.R.App.P. 23; 11th Cir.R. 23; See Pagan v. United States, 353 F.3d 1343,

---

1. Mr. Bibb also filed his memorandum of law in support of his section 2255 motion.

1345 (11th Cir. 2003)(citing Gomez v. United States, 889 F.2d 1124 (11th Cir. 199)); In re Wainwright, 518 F.2d 173, 175 (5th Cir. 1975); Jimenez v. Aritiguieta, 314 F.2d 649, 652 (5th Cir. 1973).[2] Correspondingly, a federal district judge has the inherent power to admit applicants in a habeas corpus case to bail pending the decision of their cases. Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985); Wainwright, 518 F.2d at 175; Jimenez, 314 F.2d at 652. This is so because the federal court's authority to release a prisoner derives from the power to issue the writ itself. Falconer v. Lane, 905 F.2d 1129, 1137 n.6 (7th Cir. 1990); Hilton v. Braunskill, 481 U.S. 770, 774 (1987); Wainwright, 518 F.2d at 174-175 n.1.

In establishing his right to be released on personal recognizance, with or without surety, Fed.R.App.P. 23(b)(3), Mr. Bibb submits that: (i) his sention 2255 motion presents the Court(s) with a "substantial question" as to the constitutionality of his present detention, Pfaff v. Wells, 648 F.2d 689, 693 (10th Cir. 1981); Baker v. Sard, 420 F.2d 1342, 1343-44 (D.C. Cir. 1969); Aronson v. May, 85 S.Ct. 3, 5-6 (1963); (ii) a denial of release on bail in his case could leave him without remedy giving the amount of time that has and may continue to be expended in the

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

courts' full and final resolution of the constitutional claims, and or given the other extraordinary circumstances that make the grant of bail necessary in order to make the section 2255 remedy effective. LaFrance v. Bohiger, 487 F.2d 506, 507 (1st Cir. 1973); Wells, 648 F.2d at 693; Calley v. Callaway, 496 F.2d 701, 702 (7th Cir. 1974); May, 85 S.Ct. at 4(determining whether bail is necessary in the interests of justice)[3] and, (iii) there is little risk-if any-that Mr. Bibb will flee given the surety or other conditions that the Court could impose in ordering his release. Bohliger, 487 F.2d at 508; Sard, 420 F.2d at 1344. The criteria for release in the instant 28 U.S.C. § 2255 habeas corpus case has clearly been met by Mr. Bibb in his section 2255 motion and other subsequent responsive pro se pleadings.

First, Mr. Bibb argues that, as one example of the existence of a substantial question as to the constitutionality of his present detention, is where his pro se section 2255 motion adequately raises the claim of his being denied his Sixth Amendment right to counsel, and where he is currently imprisoned due only to counsel's ineffectiveness. More specifically, Mr. Bibb argues that his defense counsel was ineffective for her failure to note, object or appeal this Court's misapplication of the correct sentencing guidelines

---

[3]. For example, it is certainly an "extraordinary circumstance" for Mr. Bibb's federal sentence to have been imposed in violation of the **ex post facto clause** of the United States Constitution or, that both, his conviction and sentence was obtained contrary to the Sixth Amendment right to counsel.

by utilizing the United States Sentencing Guidelines in effect at the time of sentencing in 2003 as opposed to those applicable to the date that the underlying criminal offense occurred in 1999, which actually triggered an ex post facto violation with respect to Mr. Bibb's present sentence of 97-months. See Memorandum of Law in Support of Motion under 28 U.S.C. § 2255, pp. 3-5(citing United States v. Frank, 354 F.3d 910, 926 and 928 (8th Cir. 2003)). Because this Court, by utilizing U.S.S.G. § 2S1.1(b)(2)(B)(2002), determined that Mr. Bibb's offense level warranted a two-level increase (from an initial sentencing range of 78-97 months to 97-121 months) and imposed a term of imprisonment of 97 months Mr. Bibb's present sentence is illegal. Id.

As previously argued elsewhere in the instant § 2255 case: Under the 1999 Guideline Manual (the applicable guidelines that correctly corresponds to the date of the offense in Mr. Bibb's case), Section 2S1.1(b)(2) of this particular and relevant guidelines provides a scale of offense-level increases to the base offense level depending solely upon the amount of money laundered. See U.S.S.G. Manual Section(b)(2)(A)-(N)(1999). Conversely however, although Section 1B1.11 of the sentencing guidelines counsels that the court is to use the guidelines manual in effect on the date that the defendant is sentenced, unless the court determines that to do so would violate the ex post facto clause of the United States Constitution, in which case it is to use the guideline manual in effect on the date that the offense of conviction was committed, Frank, 354 F.3d at 926, Mr. Bibb's attorney completely

failed to note and object to the district court's imposition of an illegal 97-month sentence (imposed on the basis of the guidelines in effect at the time of sentencing) where the guidelines used by the court produced a sentencing range much more harsher than the one permitted under the guidelines in effect at the time Mr. Bibb's crime was alleged to have been committed. Id.(quoting [United States v.] Comstock, 154 F.3d [845,] 848 [(8th Cir. 1998)](quoting United States v. Bell, 991 F.2d 1445, 1452 (8th Cir. 1993))). Thus, because Mr. Bibb is not legally eligible for the 2-level increase in his base offense level given by the district court's use of the guidelines in effect at the time of sentencing-instead of the guidelines in effect in 1999 at the time the offense was committed-his current sentence of 97-months violates the ex post facto clause of the United States Constitution, and thus entitles him to be resentenced to a term of imprisonment of not more than 78-months. Consequently, the factual circumstances of Mr. Bibb's § 2255 case, coupled with the legal factors (e.g., the likelihood of a substantial decrease in Mr. Bibb's base-offense level from 30 to 28 resulting in a sentencing reduction of 19-months), where Mr. Bibb's attorney's representation fell below a standard of reasonableness and, where the district court imposed Mr. Bibb's current sentence in violation of the ex post facto clause, enables the court to find that Mr. Bibb's situation is "sufficiently unique to make [his present] detention pending [resolution of the instant § 2255 motion] inappropriate." United States v. Kaquatosh, 252 F.Supp.2d 775, 778 (E.D.Wis.2003)(Emphasis added). As this "court

-6-

may make such a finding based on 'legal' reasons, 'factual' reasons, or combination of both." Id.(internal quotation marks omitted).

Here, Mr. Bibb argues that the court's reduction of his present sentence by approximately 19-months will necessarily result in his being ordered immediately released from federal custody. This fact alone creates "[a] substantial question of law sufficient to satisfy the criteria for release of any convicted person..." United States v. DiSomma, 951 F.2d 494, 497 (2nd Cir. 1991). Moreover, this, as well as other relevant aspects of Mr. Bibb's habeas corpus case, forms a legitimate basis of a "remarkable or unique factual context" that renders his continued detention pending the court's resolution of his section 2255 motion inappropriate. Id. In fact, on the basis of the motion, files and records of Mr. Bibb's case, it is evident that he suffers a complete miscarriage of justice from which the underlying criminal proceedings were conducted. See Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992)("Collateral relief under section 2255 is available if any legal error in ... a prisoner's [conviction, sentencing or direct appeal] was 'jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice.'")(emphasis added, internal quotation marks omitted). In Mr. Bibb's case there is clear and convincing evidence among the records and files that he was not only deprived of the Sixth Amendment right to counsel throughout the adversarial proceedings, but was also sentenced to a 97-month term of imprisonment contrary to the ex post facto clause of the United States Constitution.

See <u>Id</u>. Such constitutional violations warrants relief under 28 U.S.C. § 2255, <u>id</u>., and thus, establishes that Mr. Bibb's detention pending resolution of the section 2255 case at hand in clearly inappropriate.[4] <u>Kaquatosh</u>, 252 F.Supp.2d at 778.

## CONCLUSION

BASED UPON THE FOREGONG REASONS, the substantial constitutional claims raised in the section 2255 motion, Movant respectfully and humbly prays that this Court will grant the relief currently being sought by the instant motion and thereby order that he be enlarged on bail on this own personal recognizance with or without surety pending the Courts' final resolution of Movant's <u>pro se</u> Motion under 28 U.S.C. § 2255.

Done the 5th Day of March, 2007.

Respectfully submitted,

*Derrick L Bibb*
Derrick Lakeith Bibb, <u>pro se</u>

---

[4]. Of course, the issue of Mr. Bibb's sentence being illegal because of it being imposed contrary to his Sixth Amendment rights to counsel and in violation of the ex post facto clause, is used here as only one example of the facts and law which makes his detention inappropriate, and is by no means to be considered the extent of his factual reasons or legal basis of his claim(s) that his continued detention is inappropriate.

-8-

## CERTIFICATE OF SERVICE

The undersigned pro se Movant, hereby certify that a true and correct copy of the foregoing Release Motion has been served, by United States Mail with postage prepaid, to the United States on this 5th day of March, 2007, by addressing the same to:

    Office of United States Attorney
    Mr. Todd Brown, AUSA
    Middle District of Alabama
    One Court Square, Suite 201
    Montgomery, Alabama 36104


*/s/ Derrick L Bibb*
Derrick Lakeith Bibb, pro se
Movant, Reg.#10613-002


Address:  Federal Correctional Institution
         565 East Renfroe Road, PMB 1000
         Gamma-B
         Talladega, Alabama 35160

Mr. Dr LaKeith Bibb, 10613-002
Federal Correctional Institution
565 East Renfroe Road
PMB 1000
Talladega, Alabama 35160

RECEIVED
MAR -6 2007
FCI TDG

Office of The Court Clerk
United States District Court
Middle District of Alabama
P.O. Box 711
Montgomery, Alabama 36101

