IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2007 APR -9 A 10: 37

DERRICK LAKEITH BIBB,  )
    Petitioner-Appellant, )
    )
    )
    )  Case Number:
vs.    )
    )  2:05cv884-MHT
    )
UNITED STATES OF AMERICA, )
    Respondent-Appellee. )

PRO SE NOTICE OF APPEAL AND REQUEST FOR
ISSUANCE OF CERTIFICATE OF APPEALABILITY

1
COMES NOW, pro se Appellant Deriick Lakeith Bibb, in the above styled and numbered cause, and hereby gives this United States District Court, pursuant to 28 U.S.C. § 2253(c) and Eleventh Circuit Rule ("11th Cir.R.") 22-1, timely notice of appeal in the instant judicial matter where this Court has entered a final order denying Appellant's Motion for Release Pending Resolution of a Motion to Vacate under 28 U.S.C. § 2255, and additionally requests that this Court grant a Certificate of Appealability ("COA") in order that Appellant may seek proper appellate review of said order entered in the present case on March 29, 2007. In support of appellate review, Appellant Bibb submits the following:

---

1. Haines v. Kerner, 404 U.S. 519, 520 (1972)(A pro se prisoner's legal papers are to be construed liberally).

1. On or about 2005, Mr. Bibb, a pro se federal prisoner, filed a motion to vacate under 28 U.S.C. § 2255 (Doc. No.1), in which, among other things, Mr. Bibb factually alleged that his present federally imposed sentence of 97-months violates the expost facto clause to the United States Constitution.

2. After considering the response from the United States Attorney (Government)[2], and Mr. Bibb's motion in opposition to that particular response; the District Court further directed that the Government file an additional supplemental response; to which Mr. Bibb timely refuted. Consequently, to date, Mr. Bibb's section 2255 motion has been pending resolution for approximately two (2) years in the Court alone. See Yong v. I.N.S., 208 F.3d 1116, 1120 (9th Cir. 2000)("The application for the writ [of habeas corpus] usurps the attention and displaces the calender of the judge .... who entertains it and receives prompt action from him within the four corners of the application.")(quoting Ruby v. United States, 341 F.2d 585, 587 (9th Cir. 1965)). Accordingly, it cannot in any real sense be proposed that Mr. Bibb's appeal of this Court's order denying his motion for release pending resolution of his section 2255 motion is taken for the purpose of delay. 18 U.S.C. § 3143(b).

3. Moreover, this Court's order denying Mr. Bibb's motion for

---

2. It is well-settled in this Circuit that: "Rule 2255 provides that the [district] court **shall** conduct a hearing-regardless of whether one is requested-if the court cannot determine **conclusively** the issues before it based on the "files and records of the case." C.f., Humphrey v. United States, 888 F.2d 1546, 1550 (11th Cir. 1989); Anderson v. United States, 948 F.2d 704, 706 (11th Cir. 1991); United States v. Yizar, 956 F.2d 230, 232 (11th Cir. 1992).

release pending appeal is clearly inadequate to support such a judicial decision, and conflicts with 18 U.S.C. § 3143(b)'s requirements for granting or denying a prisoner's request for release, as this Court provides absolutely no factual or legal basis in support of its March 29, 2007 order (Doc. No. 18-1), and clearly does not provide for a meaningful appellate review, and is otherwise and abuse of this Court's discretion.[3] Koon v. United States, 519 U.S. 81, 100 (1996)(A district court by definition abuses its discretion when it makes an error in law).

4. Furthermore, it is without any question that Mr. Bibb's section 2255 motion presents the Court with meritorious constitutional issues that are likely to result in his conviction and or sentence being vacated and set aside, and the Court's imposition of a sentence much less than the amount of time that Mr. Bibb has already served, plus the amount of time for which full and complete resolution of the underlying section 2255 motion may expend or, this Court may very well order that a new trial be conducted for Mr. Bibb.

5. On the factual and legal basis of the underlying § 2255 motion to vacate, this Court's order denying Mr. Bibb's release will properly enable Mr. Bibb to present the Eleventh Circuit Court

---

3. See United States v. Lane, 194 F.Supp.2d 758, 769 (N.D.Ill. 2002); United States v. Eaken, 995 F.2d 740, 741 n.1 (7th Cir. 1993).

of Appeals with several substantial questions of fact and law likely to result in a reversal and grant of release, where the section 2255 motion unquestionably makes a substantial showing of the denial of a constitutional right. <u>Pagan v. United States</u> 353 F.3d 1343, 1346 (11th Cir. 2003): <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327-338 (2003).

6. Accordingly, Mr. Bibb's notice of appeal and request for issuance of a COA is not taken in bad faith nor for the purposes of delay in the section 2255 ruling.

WHEREFORE, the foregoing considered, Mr. Bibb prays that this Court will properly acknowledge the instant notice of appeal, and that the Court, pursuant to 28 U.S.C. § 2253(c)(1)(B), will issue a COA in this case on the issue of whether this Court committed clear error and abused its discretion by (a) denying Mr. Bibb's <u>pro se</u> motion for release on bond pending resolution of the § 2255 motion, and (b) without stating on the record a factual and legal basis for said order.

RESPECTFULLY SUBMITTED, on this 5th day of April of 2007.

*Derrick L Bibb 4/5/07*
DERRICK LAKEITH BIBB, <u>pro se</u>

