IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:05cv884-MHT |
| | ) | (WO) |
| DERRICK LAKEITH BIBB | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a motion by federal inmate Derrick Lakeith Bibb ("Bibb") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**I.  BACKGROUND**

On July 15, 2003, a jury found Bibb guilty of conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and possession with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1).  On October 15, 2003, the district court sentenced Bibb to 97 months in prison for each of the two conspiracy counts and to 60 months for the distribution count, all sentences to run concurrently.

Bibb appealed to the Eleventh Circuit, and on September 24, 2004, the appellate court

affirmed his convictions and sentence.[1]  *United States v. Bibb*, [No. 02-00083] 122 Fed.Appx. 985 (11th Cir. Sep. 24, 2004) (Table).  Bibb then petitioned the United States Supreme Court for a writ of certiorari, which was denied on March 7, 2005.  *Bibb v. United States*, [No. 04-8482] 544 U.S. 912 (Mar. 7, 2005) (Table).

On September 13, 2005,[2] Bibb filed this § 2255 motion (Doc. No. 1), asserting that his counsel was ineffective for failing to argue that his sentence violated the *ex post facto* clause of the Constitution because he was sentenced under the 2002 version of the United States Sentencing Guidelines rather than under the 1999 version of the Sentencing Guidelines.  Bibb also asserts that his counsel was ineffective for filing an untimely petition for writ of certiorari with the Supreme Court.

The government responded to Bibb's § 2255 motion, asserting that he is entitled to no relief because his claims are without merit.  (Docs. No. 9 & 13.)  Bibb was afforded an opportunity to respond to the government's submissions and has done so.  (Doc. No. 11.)  After due consideration of the § 2255 motion, the submissions supporting and opposing the

---

[1] On appeal, Bibb argued that (i) there was insufficient evidence to support his conviction under 18 U.S.C. § 1956(h) for conspiracy to commit money laundering; (ii) the district court committed error during sentencing by not granting him a two-point downward adjustment for acceptance of responsibility under U.S.S.G. § 3E.1; and (iii) the district court committed error during sentencing by increasing his offense level by two points under U.S.S.G. 2D1.1(b)(1) for possession of a dangerous weapon in connection with his drug offenses?

[2] Although the motion was date-stamped "received" in this court on September 15, 2005, under the "mailbox rule," the court deems the motion filed on the date Bibb delivered it to prison authorities for mailing, presumptively, September 13, 2005, the day that she signed it.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

motion, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

## II. DISCUSSION

*A.    Standard of Review for Ineffective Assistance of Counsel*

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. To succeed on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test set by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The *performance* prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The *prejudice* prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id*. at 687.

Under the performance component of the *Strickland* inquiry, a movant must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

3

Under the prejudice component of *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice component of *Strickland* focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Id*. at 687. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

Unless a movant satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697 (A court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one."); *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly

weaker.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

B.   *Ineffective Assistance of Counsel Claims*

  1.   **Counsel's Failure to Raise *ex Post Facto* Claim**

Bibb asserts that his counsel rendered ineffective assistance by failing to argue – either in the trial court or on appeal – that his sentence under the 2002 version of the Sentencing Guidelines, rather than under the 1999 version, violated the *ex post facto* clause of the Constitution. (Doc. No. 1 at 5; Doc. No. 2 at 3-8; Doc. No. 11 at 1-4.)

It was undisputed at Bibb's sentencing hearing that his sentence would be controlled by the money-laundering guideline, which, of the guidelines for the various counts grouped together in Bibb's case, was the one resulting in the highest offense level. *See* U.S.S.G. § 3D1.1-3 & § 2S1.1, comment. (n.6). The money-laundering guideline is contained in § 2S1.1 of the United States Sentencing Guidelines. *See* U.S.S.G. § 2S1.1. Under the 2002 version of the Sentencing Guidelines, § 2S1.1(b)(2)(B) mandates a two-point increase in a defendant's offense level where the defendant, like Bibb, was convicted under 18 U.S.C. § 1956. Section 2S1.1(b)(2)(B) was enacted in November 2001. Prior to November 2001, however, § 2S1.1(b)(2) did not provide a mandatory enhancement for convictions under 18 U.S.C. § 1956, but rather set forth a scale of offense-level increases based upon the amount

5

of money that was laundered. *See* U.S.S.G. § 2S1.1(b)(2)(A)-(N) (1999 & 2000).

"Generally, a convicted defendant's sentence is based on the United States Sentencing Commission Guidelines Manual 'in effect on the date the defendant is sentenced.'" *United States v. Bailey*, 123 F.3d 1381, 1403 (11th Cir. 1997) (quoting 18 U.S.C. § 3553(a)(4)); *see also United States v. York*, 428 F.3d 1325, 1337-38 (11th Cir. 2005). However, if the manual in effect on the date of sentencing violates the *ex post facto* clause of the Constitution, then the district court must use the manual that was in effect on the date that the crime was committed.[3] *Bailey*, 123 F.3d at 1403; *see* U.S.S.G. § 1B1.11. A sentencing scheme violates the *ex post facto* clause "if it is enacted after the crime was committed and before sentencing, and its application results in a more onerous penalty." *Bailey*, 123 F.3d at 1403 n.32.

The 2002 version of the Sentencing Guidelines became effective November 1, 2002, and thus was in effect at the time of Bibb's sentencing hearing on October 15, 2003. Bibb however, maintains that the 1999 Sentencing Guidelines was the proper version to apply in his case because, he says, it was the effective edition at the time he committed his offenses and application of the 2002 Sentencing Guidelines resulted in a more onerous sentence. Specifically, Bibb points out that he was subjected to the mandatory two-point increase in offense level provided under § 2S1.1(b)(2)(B) of the 2002 Sentencing Guidelines, whereas, under the 1999 Sentencing Guidelines, his offense level would not have been enhanced at

---

[3]"The use of either the Sentencing Guidelines Manual in effect at sentencing or the one in effect when the crime was committed is known as the 'one book rule.'" *Bailey*, 123 F.3d at 1403 (explaining in detail that under the one book rule, only one edition of the manual is to be applied in sentencing a defendant). *See also* U.S.S.G. § 1B1.11(b)(2)-(3).

all because he laundered less than $100,000 in funds. *See* U.S.S.G § 2S1.1(b)(2)(A) (1999). Bibb's complaint that his sentence under the 2002 version of the Sentencing Guidelines violated the *ex post facto* clause is without merit.

"[R]elated offenses committed in a series will be sentenced together under the Manual in effect at the end of the series." *Bailey*, *supra*, 123 F.3d at 1404-05. "[W]ith conspiracy and other continuous offenses it is the completion date of the offense that controls the version of the Sentencing Guidelines to be applied." *United States v. Cooper*, 35 F.3d 1248, 1251 (8th Cir. 1994), *vacated*, 514 U.S. 1094, *reinstated*, 63 F.3d 761 (8th Cir. 1995) (cited in *Bailey*, 123 F.3d at 1406). Unquestionably, Bibb's crimes continued until at least July 23, 2002, the date on which law enforcement officers searched the residence of Bibb's girlfriend and seized, among other things, marijuana, $2,500 in cash, and two assault rifles – all evidence supporting Bibb's convictions. *See* Presentence Investigation Report ("PSI") at 7 ¶ 19. Moreover, Count 2 of the indictment, charging Bibb and his codefendants with conspiracy to commit money laundering, alleged that the conspiracy commenced as early as August 2000 and continued up until the date of the filing of the indictment, which was August 15, 2002.[4] *See* Indictment at 2. Evidence indicated that both the drug-trafficking and money-laundering conspiracies continued well into 2002. Bibb's offenses clearly composed a single guidelines group because "all of his crimes were integrally related to his ongoing

---

[4]Count 1 of the indictment, which charged Bibb and his codefendants with conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana, alleged that the drug-trafficking conspiracy commenced as early as October 1999 and continued up until the filing of the indictment. *See* Indictment at 1-2.

purpose" of deriving money from marijuana trafficking. *See Bailey*, 123 F.3d at 1406. Therefore, Bibb is incorrect in asserting that the 1999 version of the Sentencing Guidelines was the effective edition at the time he committed his offenses.

As indicated earlier, U.S.S.G. § 2S1.1(b)(2)(B) was enacted in November 2001. Thus, at the time Bibb committed the last of his criminal acts, § 2S1.1(b)(2)(B) was applicable to Bibb's sentence. For purposes of Bibb's *ex post facto* claim, it makes no difference if the 2001 Sentencing Guidelines – the version in effect when Bibb committed the last of his criminal acts – or the 2002 Sentencing Guidelines – the version in effect at the time of Bibb's sentencing – was used to calculate Bibb's sentence, because § 2S1.1(b)(2)(B), with its mandatory two-point enhancement provision for convictions under 18 U.S.C. § 1956, was contained in both the 2001 and 2002 Sentencing Guidelines. Contrary to Bibb's claim, the 1999 Sentencing Guidelines (which lacked the mandatory enhancement provision) clearly was *not* the version that should have been used to calculate Bibb's sentence, as Bibb's offense conduct continued long after the 1999 version ceased being the effective edition.

Sentencing Bibb under the Sentencing Guidelines manual in effect when he committed the last of his criminal acts did not deny him "'fair warning'" of the punishment for his crimes, "a concern central to the *ex post facto* prohibition." *See Bailey*, 123 F.3d at 1406 (citing *Miller v. Florida*, 482 U.S. 423, 430 (1987)). *See also Weaver v. Graham*, 450 U.S. 24, 31 (1981) ("Critical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice...."); *Zeigler v. Alabama*, 731 F.2d 737,

8

739 (11th Cir. 1984) ("The purpose of the *ex post facto* prohibition is to ensure notice of the illegality prior to attaching criminal sanctions."). As the Eighth Circuit Court of Appeals explained with regard to a continuous firearm offense in *Cooper*, *supra*:

> In our view, [the defendant] had fair warning that commission of the January 23, 1992, firearm crime was governed by the 1991 amendments that provided for increased offense levels and new grouping rules that considered the aggregate amount of harm. Utilizing the *Miller* analysis, it was not the amendments to the Sentencing Guidelines that disadvantaged [the defendant], it was his election to continue his criminal activity after the 1991 amendments became effective. [The defendant] could have easily avoided coming under the amended Sentencing Guidelines by desisting in his repeated criminal possession of firearms prior to November 1, 1991.

35 F.3d at 1250 (emphasis added). Likewise, Bibb could have avoided the application of the sentencing enhancement in § 2S1.1(b)(2)(B) by ceasing his criminal conduct prior to November 2001. He did not. Thus, there was no *ex post facto* violation in his sentencing.

Because Bibb fails to demonstrate the merits of his *ex post facto* claim, he also fails to demonstrate that his counsel's failure to raise such a claim constituted deficient performance or that he was prejudiced by counsel's performance in this regard. *See Strickland v. Washington*, 466 U.S. 668, 687-89 (1984). Thus, he is entitled to no relief based on this claim of ineffective assistance of counsel.

### 2. Counsel's Filing of Untimely Certiorari Petition

Bibb contends that his counsel rendered ineffective assistance by filing an untimely petition for writ of certiorari with the Supreme Court. He maintains that his counsel's

deficient performance in this regard resulted in his being "denied review of a potentially meritorious issue in that court." (Doc. No. 1 at 5; Doc. No. 2 at 8-10.)

It is without dispute that Bibb's counsel untimely filed the petition for writ of certiorari with the Supreme Court.[5] However, despite the petition's untimeliness, the Supreme Court placed the petition on its docket on February 2, 2005, then distributed the petition for a March 4, 2004, conference, considered the petition, and subsequently denied it. (*See* Doc. No. 9, Exh. 1.) Because the Supreme Court overlooked counsel's failure to comply with the filing deadline and considered the petition (before denying it), counsel's performance in this regard did not result in prejudice to Bibb. Thus, Bibb is not entitled to relief based on this claim of ineffective assistance of counsel. *Strickland*, 466 U.S. at 687-89. Moreover, Bibb fails to show that his counsel's actions deprived him of review of a potentially meritorious issue. The only issue asserted by Bibb in his § 2255 motion – that his counsel was ineffective for failing to argue that his sentence violated the *ex post facto* clause – is, as explained above, meritless.

Finally, review by the Supreme Court is discretionary, *Ross v. Moffitt*, 417 U.S. 600, 617 (1974), and "a criminal defendant does not have a constitutional right to counsel to pursue discretionary [ ] appeals or applications for review in [the Supreme] Court." *Wainwright v. Torna*, 455 U.S. 586, 587 (1982). Where the defendant has no right to counsel, he cannot be deprived of the effective assistance of counsel. *Torna*, 455 U.S. at

---

[5]The petition was due on January 24, 2005; however, it was filed on January 31, 2005.

10

587-88 ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel ...." ); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citing *Torna* for the proposition that "where there is no constitutional right to counsel there can be no deprivation of effective assistance"). Because Bibb had no constitutional right to the assistance of counsel to pursue a petition for writ of certiorari, he cannot claim that his counsel's failure to file the petition with the Supreme Court in a timely fashion amounted to ineffective assistance.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Bibb be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before August 16, 2007.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 3rd day of August, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE